from time to time, the "*x0678 Note*"), executed by Grantor and payable to Beneficiary or its order, in the stated principal amount of Two Million Sixty-Two Thousand Five Hundred Dollars ($2,062,500.00), with interest as provided therein, together with the payment and performance of any other indebtedness or obligations incurred in connection with the loan evidenced by the x0678 Note, whether or not specifically referenced therein and whenever arising.

3.3. x0759 Note. Payment to Beneficiary of all sums at any time owing and performance of all other obligations arising under or in connection with that certain Promissory Note dated as of May 24, 2021 (as amended, restated or otherwise modified from time to time, the "*x0759 Note*"), executed by 8825 LLC, a Wyoming limited liability company ("**8825**"), and payable to Beneficiary or its order, in the stated principal amount of Three Million Six Hundred Seventy-Five Thousand Dollars ($3,675,000.00), with interest as provided therein, together with the payment and performance of any other indebtedness or obligations incurred in connection with the loan evidenced by the x0759 Note, whether or not specifically referenced therein and whenever arising.

3.4. x0858 Note. Payment to Beneficiary of all sums at any time owing and performance of all other obligations arising under or in connection with that certain Promissory Note dated as of September 7, 2021 (as amended, restated or otherwise modified from time to time, the "*x0858 Note*"), executed by Grantor and payable to Beneficiary or its order, in the stated principal amount of Four Million Nine Hundred Eighty Thousand Dollars ($4,980,000.00), with interest as provided therein, together with the payment and performance of any other indebtedness or obligations incurred in connection with the loan evidenced by the x0858 Note, whether or not specifically referenced therein and whenever arising.

3.5. WSM Agreement. Any obligation (including any indemnity obligation), or liability, whether liquidated or unliquidated, defined, contingent, conditional or of any other nature whatsoever, and performance of all other obligations, arising under or in connection with that certain Credit Enhancement and Referral Agreement dated as of August 30, 2021 (as amended, restated or otherwise modified from time to time, the "*WSM Agreement*"), by and between Water Station Management, LLC a Washington limited lability company ("**WSM**"), and Beneficiary, together with the payment and performance of any other indebtedness or obligations incurred in connection with the WSM Agreement, whether or not specifically referenced therein and whenever arising.

3.6. Grantor's Obligations under Deed of Trust. Payment and performance of all obligations of Grantor under this Deed of Trust, together with all advances, payments or other expenditures made by Beneficiary or Trustee as or for the payment or performance of any such obligations of Grantor.

3.7. Additional Sums. Payment of any further sums advanced or loaned by Beneficiary to or on behalf of any Obligor or Grantor, or any of its successors or assigns, if (i) the Credit Documents or other writing evidencing the future advance or loan

7

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-3    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 1 of 6

Record Book 2333 Page 2012

specifically states that it is secured by this Deed of Trust, or (ii) the advance, including costs and expenses incurred by Beneficiary or sums advanced in protection of the Collateral or Beneficiary's lien on such Collateral, is made pursuant to this Deed of Trust or any other documents executed by any Obligor evidencing, securing, or relating to the Credit Documents, any indebtedness secured hereby and/or the Collateral, whether executed prior to, contemporaneously with, or subsequent to this Deed of Trust, together with interest thereon at the rate set forth in the Credit Documents or agreed to in writing.

3.8. <u>Performance</u>. Payment and performance of each agreement, term and condition set forth or incorporated by reference in the Credit Documents, which are incorporated herein by reference or contained herein and payment of all amounts payable thereunder.

3.9. <u>Related Agreements</u>. Any obligation or indebtedness owing under any formal forbearance agreement, credit accommodation and enhancement agreement, or similar agreements executed by Beneficiary in connection with the foregoing ("***Related Agreements***").

3.10. <u>Modifications and Extensions</u>. All modifications, extensions and renewals of any of the foregoing including, without limitation, modifications, amendments and restatements, extensions or renewals, however evidenced, whether or not any such modification, restatement, extension or renewal is evidenced by a new or additional promissory note or notes.

4. <u>Performance of Obligations; Payments</u>. Obligors shall promptly and timely pay all Obligations or sums advanced by or owing to Beneficiary and due pursuant to the Credit Documents or Related Agreements, and Obligors shall strictly comply with all the terms and conditions of the Credit Documents and Related Agreements. In the event that Trustee shall commence proceedings to exercise its power of sale in accordance with applicable law, and thereafter Obligors shall cause the discontinuance of the said proceedings by curing the default(s) giving rise to said proceedings, Grantor and Obligors each promises to pay Beneficiary all costs incurred by Beneficiary and by the Trustee, including without limitation the cost of title and a attorney's fees and costs and/or trustee's fee, in the course of said proceedings to the date of curing said defaults, and the parties agree that payment thereof by Obligors or Grantor shall be a condition precedent to the discontinuance of said sale proceedings.

Without limiting the generality of the foregoing, unless payments are made in the required amount in immediately available funds at the place where the Obligations are payable, remittances in payment of all or any part of the Obligations shall not, regardless of any receipt or credit issued therefor, constitute payment until the required amount is actually received by Beneficiary in funds immediately available at the place where the Obligations are payable (or any other place as Beneficiary, in Beneficiary's sole discretion, may have established by delivery of written notice thereof to Obligors) and shall be made and accepted subject to the condition that any check or draft may be handled for collection in

8

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-3    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 3 of 6    Record Book 2333 Page 2013

accordance with the practice of the collecting bank or banks. Acceptance by Beneficiary of any payment in an amount less than the amount then due shall be deemed an acceptance on account only, and the failure to pay the entire amount then due shall be and continue to be an Event of Default (defined below).

5. Security Agreement.

   5.1. Grant of Security Interest. With respect to any portion of the Collateral which constitutes personal property governed by the Uniform Commercial Code of the state in which the Collateral is located (the "*Code*"), this Deed of Trust shall constitute a security agreement between Grantor as Debtor and Beneficiary as Secured Party, and Grantor hereby grants to Beneficiary a security interest in such portion of the Collateral. Cumulative with all other rights of Beneficiary hereunder, Beneficiary shall have all of the rights conferred upon secured parties by the Code.

   5.2. Rights of Beneficiary. Beneficiary may exercise any or all of the remedies of a secured party available to it under the Code with respect to personal property Collateral, and it is expressly agreed that if upon default Beneficiary shall proceed to dispose of such Collateral in accordance with the provisions of the Code, ten (10) days' written notice by Beneficiary to Grantor shall be deemed to be reasonable notice under any provision of the Code requiring such notice; provided, however, that Beneficiary may at its option dispose of such property in accordance with Beneficiary's rights and remedies with respect to the real property pursuant to the provision of this Deed of Trust in lieu of proceeding under the Code.

   5.3. Change in Grantor's Name. Grantor shall give advance notice in writing to Beneficiary of any proposed change in Grantor's name, identity, corporate structure or place of formation, and shall execute and deliver to Beneficiary, prior to or concurrently with the occurrence of any such change, all additional financing statements that Beneficiary may require to establish and maintain the validity and priority of Beneficiary's security interest with respect to any Collateral described or referred to herein.

6. Warranties.

   6.1. Title. Grantor warrants good and marketable title to an indefeasible fee simple estate in the Property and other real property Collateral and good marketable title to all personal property Collateral identified in Paragraph 2 above, in each case free and clear of liens, encumbrances, security interests, claims or defects of any kind, except those listed on Exhibit B attached hereto and incorporated by this reference as Schedule "B" (the "*Permitted Liens*") and real estate taxes for the current year. The Permitted Liens and the real estate taxes are not delinquent or in default. Grantor warrants the right to convey the Property and other real property Collateral to Trustee for the benefit of Beneficiary, and the right to grant a security interest for the benefit of Beneficiary in any of the Collateral. Grantor will warrant and defend title to the Collateral and will defend the validity and

9
134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-3    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 3 of 6
Record Book 2333 Page 2014

priority of the lien of this Deed of Trust and the security interest granted herein against any claims or demands.

    6.2. <u>Use of Property</u>. The Property is not used principally, or at all, for agricultural purposes.

    6.3. <u>Commercial Purpose</u>. The Obligations secured by this Deed of Trust are primarily for commercial, industrial or business purposes and are not primarily for personal, family or household purposes.

    6.4. <u>No Defect</u>. The Collateral is free from damage and no matter has come to Grantor's attention (including, but not limited to, knowledge of any construction defects or nonconforming work) that would materially impair the value of the Collateral as security.

    6.5. <u>No Prior Work</u>. No work of any nature whatsoever has or will be commenced on the Property or materials delivered to the site prior to the recordation of this Deed of Trust unless each person or entity performing such work or providing such materials has provided to Beneficiary unconditional lien releases effective through the time of recordation of the Deed of Trust for such work or materials, such releases to be in form and substance satisfactory to Beneficiary in its sole discretion.

7.    <u>Liens; Payments</u>.

    7.1. <u>Prohibited Liens</u>. Grantor will promptly pay when due all bills and costs for labor, materials, and specifically fabricated materials incurred in connection with the Property, and shall not permit (or shall promptly discharge) any governmental or statutory liens (including tax and mechanics' and materialmen's liens) to be filed against the Collateral except for real estate taxes and assessments not yet due and liens permitted by the Credit Documents or approved by Beneficiary in writing.

    7.2. <u>Payment of Taxes and Other Encumbrances</u>. Grantor shall pay the real estate taxes and any assessments, water rates, sewer rents, governmental impositions, ground rents, maintenance charges and similar charges, now or hereafter levied or assessed or imposed against the Property or any part thereof at least seven (7) days prior to delinquency unless otherwise provided for in a reserve account held by Beneficiary for such purpose. All other encumbrances, charges and liens affecting the Collateral, including mortgages and deeds of trust, whether prior to or subordinate to the lien of this Deed of Trust, shall be paid when due and shall not be in default. On request, Grantor shall furnish evidence of payment of these items.

8.    <u>Maintenance; No Waste</u>. Grantor shall protect and preserve the Collateral and maintain it in a good and safe condition and repair. Grantor shall do all acts and take all precautions which, from the character and use of the Collateral, are reasonable, proper or necessary. Grantor shall not commit or permit any waste of the Collateral or make any change in the use of the Property which will in any way materially increase the risk of fire

10

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-3    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 4 of 6

Record Book 2333 Page 2015

or other hazard arising out of the operation of the Property, or take any action that might invalidate or give cause for cancellation of any insurance policy, or do or permit to be done thereon anything that may in any way impair the value of the Collateral or the security of this Deed of Trust. Grantor will not, without the prior written consent of Beneficiary, permit any drilling or exploration for or extraction, removal, or production of any minerals from the surface or the subsurface of the Land, regardless of the depth thereof or the method of mining or extraction thereof.

9. Alterations, Removal and Demolition. Grantor shall not structurally alter, remove or demolish any building or improvement on the Land without Beneficiary's prior written consent. Grantor shall not remove any fixture or other item or property which is part of the Collateral without Beneficiary's prior written consent unless the fixture or item of property is replaced by an article of equal suitability owned by Grantor free and clear of any lien or security interest.

10. Completion, Repair and Restoration. Grantor shall promptly repair, replace, restore or rebuild in good workmanlike manner any part of the Collateral which may be destroyed by any casualty, or become damaged, worn or dilapidated or which may be affected by any proceeding of the character referred to in Paragraph 18 hereof, and shall complete and pay for any structure at any time in the process of construction or repair on the Land. Prior to commencement of any construction Grantor shall submit the plans and specifications for Beneficiary's approval and furnish evidence of sufficient funds to complete the work.

11. Compliance with Laws. Grantor shall comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the Collateral ("*Applicable Laws*") and shall not commit or permit any act upon or concerning the Collateral in violation of any such Applicable Laws. Grantor shall give prompt notice to Beneficiary of the receipt by Grantor of any notice related to a violation of any Applicable Laws and of the commencement of any proceedings or investigations which relate to compliance with Applicable Laws.

12. Impairment of Collateral. Grantor shall not, without Beneficiary's prior written consent, change the general nature of the occupancy of the Property, initiate, acquire or permit any change in any public or private restrictions (including a zoning reclassification) limiting or defining the uses which may be made of the Property or any part thereof which may have a material adverse effect on the use, operation or value of the Property, or take or permit any action which would impair the Collateral or Beneficiary's lien or security interest in the Collateral. If under applicable zoning provisions the use of all or any portion of the Property is or shall become a nonconforming use, Grantor will not cause or permit the nonconforming use to be discontinued or abandoned without the express written consent of Beneficiary.

13. Inspection of Collateral. Beneficiary and/or its representative may inspect the Collateral at reasonable times after reasonable notice.

11

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-3    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 5 of 6

Record Book 2333 Page 2016

14. Protection of Collateral.

14.1. Grantor's Defense of Collateral. Grantor shall appear in and defend any action or proceeding which may affect the Collateral or the rights of powers of Beneficiary or Trustee.

14.2. Beneficiary's Right to Protect Collateral. Beneficiary may commence, appear in, and defend any action or proceeding which may affect the Collateral or the rights or powers of Beneficiary or Trustee. Beneficiary may pay, purchase, or compromise any encumbrance, charge or lien which in its judgment appears to be prior to or superior to the lien of this Deed of Trust. If any Obligor fails to make any payment or do any act required under the Credit Documents, Beneficiary, without any obligation to do so, without notice to or demand upon Obligors and without releasing Obligors from any obligations under the Credit Documents, may make the payment or cause the act to be performed in such manner and to such extent as Beneficiary may deem necessary to protect the Collateral. Beneficiary is authorized to enter upon the Property for such purposes. In exercising any of these powers, Beneficiary may incur such expenses, in its absolute discretion, it deems necessary. Beneficiary or Trustee shall be empowered under this paragraph to make advances to incur costs and expenses for inspecting the premises periodically, keeping the premises in good repair and protecting the premises from loss, waste, damage or injury. Beneficiary or Trustee, as the case may be, shall be the sole and conclusive judge of the need for any advances made or expenses incurred under the terms of this paragraph. The amount of any advances made or expenses incurred hereunder shall be added to the indebtedness secured hereby and may be recovered in full, together with interest thereon at the maximum legal rate, by Beneficiary.

15. Repayment of Beneficiary's Expenditures. Grantor shall pay within ten (10) days after written notice from Beneficiary all sums expended by Beneficiary and all costs and expenses incurred by Beneficiary in taking any actions pursuant to this Deed of Trust and the other Credit Documents, including Attorneys' Fees and Costs, accountants' fees, appraisal and inspection fees, and the costs for title reports. Expenditures by Beneficiary shall bear interest from the date of such advance or expenditure at the default rate set out in any of the Credit Documents until paid, shall constitute advances made under this Deed of Trust, and shall be secured by and have the same priority as the lien of this Deed of Trust. If Grantor fails to pay any such expenditures, costs and expenses and interest thereon, Beneficiary may, at its option, without foreclosing the lien of this Deed of Trust, commence an independent action against Grantor for the recovery of the expenditures and/or advance any undisbursed loan proceeds to pay the expenditures.

16. Due on Sale or Transfer. If the Property or any part thereof is sold, conveyed, transferred, encumbered, or full possessory rights therein transferred, or if more than a 25% interest in Grantor (if a corporation, limited liability company or a limited liability partnership), a general partner's interest in Grantor (whether a general partnership or a limited partnership) or a majority interest of the total of limited partners' interests in a limited partnership, is sold, conveyed, transferred or encumbered, without the prior written

12

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-3    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 6 of 6

Record Book 2333 Page 2017