consent of Beneficiary, then Beneficiary may declare all sums secured by this Deed of Trust immediately due and payable. This provision shall apply to each and every sale, transfer, conveyance or encumbrance regardless of whether or not Beneficiary has consented or waived its rights, whether by action or non-action, in connection with any previous sale, transfer, conveyance or encumbrance, whether one or more.

17. Insurance.

   17.1. General. Grantor shall maintain insurance on the Property (with premiums prepaid) providing replacement cost coverage and insuring against loss by fire and such other risks covered by extended coverage insurance, flood, and such other perils and risks, including earthquake, loss of rents and business interruption. Grantor shall also maintain comprehensive general public liability insurance. All insurance shall be with companies satisfactory to Beneficiary and in such amounts as required by Beneficiary with lender's loss payable clauses and endorsements and additional insured endorsements in favor of and in form satisfactory to Beneficiary. At least thirty (30) days prior to the expiration of the term of any insurance policy, Grantor shall furnish Beneficiary with written evidence of renewal or issuance of a satisfactory replacement policy. If requested, Grantor shall deliver copies of all policies to Beneficiary.

   17.2. Effect of Foreclosure. In the event of foreclosure of this Deed of Trust, all interest of Grantor in any insurance policies pertaining to the Collateral and in any claims against the policies and in any proceeds due under the policies shall pass to Beneficiary.

   17.3. Effect of Lease. If under the terms of any Lease (as defined herein), the lessee is required to maintain insurance of the type required by the Credit Documents and if the insurance is maintained for the benefit of both the lessor and Beneficiary, then Beneficiary will accept such policies provided all of the requirements of Beneficiary and the Credit Documents are met. In the event the lessee fails to maintain such insurance, Grantor shall promptly obtain such policies as are required by the Credit Documents.

18. Condemnation and Insurance Proceeds. Grantor shall give immediate notice to Beneficiary of any condemnation proceeding (including change of grade), or loss or damage to the Collateral or any right therein, and shall deliver to Beneficiary copies of any and all papers served in connection with such proceedings or documenting such loss or damage. Grantor authorizes Beneficiary, at Beneficiary's option, to make a claim for and to enter into a compromise or settlement with respect to any proceeds payable as a result of condemnation, loss or damage. Subject to the rights of any holder of a senior Permitted Lien, all proceeds payable as a result of a condemnation, loss or damage shall be paid to Beneficiary to pay down principal of the Obligations secured hereby in such order and amounts as Beneficiary in its sole discretion may choose.

24-01421-FPC11    Doc 70-4    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 1 of 6
Record Book 2333 Page 2018

19. Reserve Account.

19.1. Nature of Reserve. At Beneficiary's request, after an Event of Default, and only if Grantor has not funded a reserve with any holder of a senior Permitted Lien, Grantor shall pay to Beneficiary monthly, together with and in addition to any payments due under the Credit Documents, a sum, as estimated by Beneficiary, equal to the real estate taxes and assessments next due on the Property and the premiums next due on insurance policies required under the Credit Documents, less all sums already paid therefor, divided by the number of months to elapse before two (2) months prior to the date when the real estate taxes, assessments and insurance premiums will become delinquent. The monthly reserve account payments and any payments due under the Credit Documents shall be paid in a single payment and applied by Beneficiary in the following order: (i) real estate taxes, assessments and insurance premiums; (ii) expenditures made pursuant to this Deed of Trust and interest thereon; (iii) late charges or service charges, if any, as provided for in the Credit Documents; (iv) interest accruing pursuant to the Credit Documents; and (v) principal due under the Credit Documents. Without limiting the foregoing and whether or not such reserve account is required, Grantor shall promptly deliver to Beneficiary all bills and notices pertaining to the ground rents, taxes, assessments and insurance premiums; provided, however, Beneficiary may apply the reserve to the Obligations following an Event of Default.

19.2. Effect of Reserve. The reserve account is solely for the protection of Beneficiary. Beneficiary shall have no responsibility except to credit properly the sums actually received by it. No interest will be paid on the funds in the reserve account and Beneficiary shall have no obligation to deposit the funds in an interest-bearing account. Upon assignment of this Deed of Trust by Beneficiary, any funds in the reserve account shall be turned over to the assignee and any responsibility of Beneficiary with respect thereto shall terminate. Each transfer of the Property shall automatically transfer to the grantee all rights to any funds in the reserve account.

19.3. Excess or Insufficient Reserve. If the total of the payments to the reserve account exceeds the amount of payments actually made by Beneficiary, plus such amounts as have been reasonably accumulated in the reserve account toward payments to become due, such excess may be (i) credited by Beneficiary against sums then due and payable under the Credit Documents or (ii) refunded to Grantor as appears on the records of Beneficiary. If, however, the reserve account does not have sufficient funds to make the payments when they become due, Grantor shall pay to Beneficiary the amount necessary to make up the deficiency within fifteen (15) days after written notice to Grantor. If this Deed of Trust is foreclosed or if Beneficiary otherwise acquires the Property, Beneficiary shall, at the time of commencement of the proceedings or at the time the Property is otherwise acquired, apply the remaining funds in the reserve account, less such sums as will become due during the pendency of the proceedings, against the sums due under the Credit Documents and/or to make payments required under the Credit Documents.

20. Assignment of Leases and Rents. Grantor hereby absolutely and unconditionally assigns to Beneficiary all of Grantor's right, title and interest in and to all current and

14
134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-4    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 2 of 6
Record Book 2333 Page 2019

future Leases and Rents, it being intended by Grantor that this assignment constitutes a present, absolute assignment and not an assignment for additional security only; provided that the assignment hereunder shall be subject and subordinate to any senior Permitted Lien. This assignment to Beneficiary shall not be construed to bind Beneficiary to the performance of any of the covenants, conditions or provisions contained in any such Lease or otherwise impose any obligation upon Beneficiary. Grantor agrees to execute and deliver to Beneficiary such additional instruments, in form and substance satisfactory to Beneficiary, as may hereafter be requested by Beneficiary to further evidence and confirm such assignment.

20.1. <u>Collection of Rents</u>. Notwithstanding the foregoing, subject to the terms of this Paragraph 20, Beneficiary grants to Grantor a revocable license to operate and manage the Property and to collect the Rents, subject to the rights of any holder of a senior Permitted Lien. Upon an Event of Default, without the need for notice or demand, the license granted to Grantor herein shall automatically be revoked, and Beneficiary shall immediately be entitled to possession of all Rents, whether or not Beneficiary enters upon or takes control of the Property, subject to the rights of any holder of a senior Permitted Lien. Beneficiary is hereby granted and assigned by Grantor the right, at its option, upon revocation of the license granted herein, to enter upon the Property in person, by agent or by court-appointed receiver to collect the Rents. Any Rents collected after the revocation of the license may be applied toward payment of the Obligations in such priority and proportions as Beneficiary in its sole discretion shall deem proper, subject to the rights of any holder of a senior Permitted Lien. Grantor's right to collect the Rents shall not constitute Beneficiary's consent to the use of cash collateral in any bankruptcy proceeding.

20.2. <u>Compliance with Leases</u>. Grantor shall fully comply with all of the terms, conditions and provisions of the Leases so that the same shall not become in default and do all that is necessary to preserve all said Leases in force. With respect to any Lease as to all or any part of the Property involving an initial term of three years or more, Grantor shall not, without the prior written consent of Beneficiary, (a) permit assignment or subletting of all or part of the lessee's rights under the Lease unless the right to assign or sublet is expressly reserved by the lessee under the Lease, (b) modify or amend the Lease for a lesser rental or term, (c) accept surrender of the Lease or terminate the Lease except in accordance with the terms of the Lease providing for termination in the event of a default, (d) collect any of the Rents more than one (1) month in advance, and (e) convey or transfer or suffer or permit a conveyance or transfer of the Property or of any interest therein so as to effect a merger of the estates and rights, or a termination or diminution of the obligations of, tenants under the Leases. Any proceeds or damages resulting from a lessee's default under any such Lease, at Beneficiary's option, shall be paid to Beneficiary and applied against sums owed under the Credit Documents even though such sums may not be due and payable. Except for real estate taxes and assessments not yet due, Grantor shall not permit any lien to be created against the Property which may be or may become prior to any Lease. If the Property is partially condemned or suffers a casualty, Grantor shall promptly repair and restore the Property in order to comply with the Leases.

15
134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-4    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 3 of 6
Record Book 2333 Page 2020

20.3. Ownership of Leases and Rents. As an ongoing representation, Grantor represents to Beneficiary that (a) except as otherwise provided herein, Grantor is the sole owner of the entire lessor's interest in the Leases; (b) the Leases are valid and enforceable; (c) none of the Rents reserved in the Leases have been assigned or otherwise pledged or hypothecated, except to any holder of a senior Permitted Lien; (d) none of the Rents have been collected for more than one (1) month in advance; (e) there exist no offsets or defenses to the payment of any portion of the Rents.

20.4. Beneficiary's Right to Collect Rents. If any Obligor is in default under the Credit Documents, and such default is not subject to forbearance under the Related Agreements, without notice to Grantor, Beneficiary or its agents, or a court appointed receiver, may collect the Rents and Leases, subject to the rights of any holder of a senior Permitted Lien. In doing so, Beneficiary may (a) evict lessees for nonpayment of rent, (b) terminate in any lawful manner any tenancy or occupancy, (c) lease the Property in the name of the then owner on such terms as it may deem best and (d) institute proceedings against any lessee for past due rent. The Rents and Leases received shall be applied to payment of the costs and expenses of collecting the Rents and Leases, including a reasonable fee to Beneficiary, a receiver or an agent, operating expenses for the Property and any sums due or payments required under the Credit Documents, in such order as anticipated to become due which exceed the anticipated future Rents and Leases, subject to the rights of any holder of a senior Permitted Lien. Beneficiary's failure to collect or discontinuing collection at any time shall not in any manner affect the subsequent enforcement by Beneficiary of its rights to collect the Rents and Leases. The collection of the Rents and Leases shall not cure or waive any default under the Credit Documents. Beneficiary or a receiver shall have no obligation to perform any of Grantor's obligations under the Leases. In exercising its rights under this section Beneficiary shall be liable only for the proper application of and accounting for the Rents and Leases collected by Beneficiary or its agents. Any Rents and Leases paid to Beneficiary or a receiver shall be credited against the amount due from the lessee under the Lease

21. No Beneficiary Obligations; Reliance.

21.1. No Undertaking. Notwithstanding any of the provisions of this Deed of Trust, Beneficiary is not undertaking the performance of (i) any obligations under the Leases; or (ii) any obligations with respect to agreements, contracts, certificates, instruments, franchises, permits, trademarks, licenses and other documents related to the Collateral.

21.2. No Beneficiary Representation. By accepting or approving anything required to be observed, performed or fulfilled or to be given to Beneficiary pursuant to this Deed of Trust or the Credit Documents, including, without limitation, any officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey, appraisal, or insurance policy, Beneficiary shall not be deemed to have warranted, consented to, or affirmed the sufficiency, the legality or effectiveness of same, and such

16
134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11   Doc 70-4   Filed 09/19/24   Entered 09/19/24 12:06:52   Pg 4 of 6
Record Book 2333 Page 2021

acceptance or approval thereof shall not constitute any warranty or affirmation with respect thereto by Beneficiary.

22. Additional Security Documents. Grantor shall within fifteen (15) days after request by Beneficiary execute and deliver any financing statement, renewal, affidavit, certificate, continuation statement, or other document Beneficiary may request in order to perfect, preserve, continue, extend, or maintain security interests or liens previously granted and the priority of the security interests or liens. Grantor shall pay all costs and expenses incurred by Beneficiary in connection with the preparation, execution, recording, filing, and refiling of any such document.

23. Tenants' Estoppel Certificates. Upon Beneficiary's request, Grantor shall use best efforts to deliver to Beneficiary, promptly upon request, duly executed estoppel certificates from any one or more commercial lessees as required by Beneficiary attesting to such facts regarding the Lease as Beneficiary may require, including but not limited to attestations that each Lease covered thereby is in full force and effect with no defaults thereunder on the part of any party, that none of the Rents have been paid more than one month in advance, and that the lessee claims no defense or offset against the full and timely performance of its obligations under the Lease.

24. Default; Remedies.

24.1. Default. Any Grantor's or Obligor's failure to comply with any term or condition of this Deed of Trust, the other Credit Documents, or the Related Agreements, including payments due under the Credit Documents, shall constitute an "***Event of Default***" hereunder, subject to any forbearance provided in the Related Agreements, including but not limited to each of the following:

(a) Grantor, Obligors, or any other person or entity liable therefor shall fail to pay when due any indebtedness secured hereby;

(b) Grantor or any other signatory thereto shall default in the performance of any covenant or agreement contained in this Deed of Trust, the Credit Documents (subject to any forbearance provided in the Related Agreements), the Related Agreements, or any other agreement evidencing or securing the Obligations;

(c) Obligors, or any other person or entity liable for the repayment of the Obligations, shall become unable or admit in writing its inability to pay its debts as they mature, or file, or have filed against it, a voluntary or involuntary petition in bankruptcy or receivership, or make a general assignment for the benefit of creditors, or be adjudicated bankrupt or insolvent;

(d) Any other Event of Default under the Credit Documents (that is not subject to forbearance under any Related Agreement) or Related Agreements; or

17

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-4    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 5 of 6
Record Book 2333 Page 2022

(e) Any default under any Permitted Lien or obligation secured thereby.

Without limiting the generality of the foregoing, any express cure provisions or deferrals of the same Event of Default contained in any such Credit Documents or Related Agreements shall apply herein; provided that nothing contained herein shall allow multiple cure periods or deferrals of the same Event of Default.

24.2. <u>Beneficiary's and Trustee's Right to Perform</u>. Upon the occurrence of any Event of Default, Beneficiary or Trustee, but without the obligation so to do and without notice to or demand upon Grantor and without releasing Grantor from any obligations hereunder, may: (i) make any payments or do any acts required of Grantor hereunder in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon the Property for such purposes; (ii) commence, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; (iii) pay, purchase, contest or compromise any encumbrance, charge or lien in accordance with the following paragraph; and (iv) in exercising any such powers, pay necessary expenses, employ counsel and pay a reasonable fee therefor. All sums so expended shall be payable on demand by Grantor, and be secured hereby, except that advances may not be made under this Deed of Trust to cure any default under any environmental indemnity, and bear interest at the default rate specified in the Credit Documents from the date advanced or expended until repaid.

Beneficiary or Trustee in making any payment herein and hereby authorized, in the place and stead of Grantor, in the case of a payment of taxes, assessments, water rates, sewer rentals and other governmental or municipal charges, fines, impositions or liens asserted against the Property, may make such payment in reliance on any bill, statement or estimate procured from the appropriate public office without inquiry into the accuracy of the bill, statement or estimate or into the validity of any tax, assessment, sale, forfeiture, tax lien or title or claim thereof; in the case of any apparent or threatened adverse claim of title, lien, statement of lien, encumbrance, deed of trust, claim or charge Beneficiary or Trustee, as the case may be, shall be the sole judge of the legality or validity of same; and in the case of a payment for any other purpose herein and hereby authorized, but not enumerated in this paragraph, such payment may be made whenever, in the sole judgment and discretion of Trustee or Beneficiary, as the case may be, such advance or advances shall seem necessary or desirable to protect the full security intended to be created by this instrument; provided further, that in connection with any such advance, Beneficiary at its option may and is hereby authorized to obtain a continuation report of title prepared by a title insurance company, the cost and expenses of which shall be repayable by Grantor without demand and shall be secured hereby.

24.3. <u>Remedies</u>. If an Event of Default occurs, Beneficiary may exercise its rights and remedies under the Credit Documents, Related Agreements and applicable law at such time and in such order as Trustee or Beneficiary may determine, in its sole

18
134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-4    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 6 of 6
Record Book 2333 Page 2023