discretion, including but not limited to the following: (a) declare the entire unpaid Obligations to be immediately due and payable; (b) institute proceedings, judicial or otherwise, for the foreclosure of this Deed of Trust under any applicable provision of law, in which case the Collateral or any part thereof or interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner; (c) sell for cash or upon credit the Collateral or any part thereof and all estate, claim, demand, right, title and interest of Grantor therein and rights of redemption thereof, pursuant to power of sale or otherwise, at one or more sales, as an entity or in parcels, at such time and place, upon such terms and after such notice thereof as may be required or permitted by law; (d) institute an action, suit or proceeding in equity for the specific performance of any covenant, condition or agreement contained herein or in the Credit Documents; (e) recover judgment on the Obligations either before, during or after any proceedings for the enforcement of this Deed of Trust or the Credit Documents; (f) apply for the appointment of a receiver, trustee, liquidator or conservator of the Collateral or any part thereof, without notice and without regard for the adequacy of the security for the Obligations and without regard for the solvency of Grantor or of any person, firm or other entity liable for the payment of the Obligations; (g) subject to any applicable law and the rights of any holder of a senior Permitted Lien, the license granted to Grantor under Paragraph 20 shall automatically be revoked and Beneficiary may enter into or upon the Property, either personally or by its agents, nominees or attorneys and dispossess Grantor and its agents and servants therefrom, without liability for trespass, damages or otherwise and exclude Grantor and its agents or servants wholly therefrom, and take possession of all books, records and accounts relating thereto and Grantor agrees to surrender possession of the Property and of such books, records and accounts to Beneficiary upon demand, and thereupon Beneficiary may (i) use, operate, manage, control, insure, maintain, repair, restore and otherwise deal with all and every part of the Property or improvements thereon and conduct the business thereat; (ii) complete any construction on the Property in such manner and form as Beneficiary deems advisable; (iii) make alterations, additions, renewals, replacements and improvements to or on the Property; (iv) exercise all rights and powers of Grantor with respect to the Property or any improvements, whether in the name of Grantor or otherwise, including, without limitation, the right to make, cancel, enforce or modify Leases, obtain and evict tenants, and demand, sue for, collect and receive all Rents and improvements and every part thereof; (v) require Grantor to pay monthly in advance to Beneficiary, or any receiver appointed to collect the Rents, the fair and reasonable rental value for the use and occupation of such part of the Property and improvements or Collateral as may be occupied by Grantor; (vi) require Grantor to vacate and surrender possession of the Property to Beneficiary or to such receiver and, in default thereof, Grantor may be evicted by summary proceedings or otherwise; and (vii) apply the receipts from the Property and improvements and Collateral to the payment of the Obligations, in such order, priority and proportions as Beneficiary shall deem appropriate in its sole discretion after deducting therefrom all expenses (including Attorneys' Fees and Costs) incurred in connection with the aforesaid operations and all amounts necessary to pay the taxes, other charges, insurance and other expenses in connection with the Collateral, as well as just and reasonable compensation for the services of Beneficiary, its counsel,

19

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-5    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 1 of 6

Record Book 2333 Page 2024

agents and employees; (h) exercise any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing: (i) the right to take possession of the personal property Collateral or any part thereof, and to take such other measures as Beneficiary may deem necessary for the care, protection and preservation of such Collateral, and (ii) request Grantor, at its expense, to assemble the personal property Collateral and make it available to Beneficiary at a convenient place acceptable to Beneficiary; (j) surrender the insurance policies maintained pursuant to the Credit Documents, collect the unearned insurance premiums and apply such sums as a credit on the Obligations in such priority and proportion as Beneficiary in its discretion shall deem proper, and in connection therewith, Grantor hereby appoints Beneficiary as agent and attorney-in-fact (which is coupled with an interest and is therefore irrevocable) for Grantor to collect such insurance premiums; (k) pursue such other remedies as Beneficiary may have under applicable law; and/or (l) under the power of sale hereby granted, Beneficiary shall have the discretionary right to cause some or all of the Collateral, including any personal property, to be sold or otherwise disposed of in any combination and in any manner permitted by applicable law.

Without limiting the generality of the foregoing, Beneficiary shall have the right, at its option, to foreclose this Deed of Trust subject to the rights of any lessees of the Property. Beneficiary's failure to foreclose against any lessee shall not be asserted as a claim against Beneficiary or as a defense against any claim by Beneficiary in any action or proceeding. Beneficiary at any time may subordinate this Deed of Trust to any and all of the Leases, except that Beneficiary shall retain its priority claim to any condemnation or insurance proceeds.

24.4. No Waiver. Beneficiary's exercise of any of its rights and remedies shall not constitute a waiver or cure of a default. Beneficiary's failure to enforce any default shall not constitute a waiver of the Event of Default or any subsequent Event of Default.

24.5. Fees and Costs. In the event the Credit Documents are referred to an attorney for enforcement of Beneficiary's rights or remedies, whether or not suit is filed or any proceedings are commenced, Grantor shall pay all Beneficiary's costs and expenses (including Trustee's fees and Attorneys' Fees and Costs), accountants' fees, appraisal and inspection fees and cost of a title report.

25. Cumulative Remedies. All Beneficiary's and Trustee's rights and remedies specified in the Credit Documents are cumulative, not mutually exclusive and not in substitution for any rights or remedies available in law or equity. In order to obtain performance of Obligors' obligations under the Credit Documents, without waiving its rights in the Collateral, Beneficiary may proceed against Grantor or may proceed against any other security or guaranty for the Obligations, in such order and manner as Beneficiary may elect. The commencement of proceedings to enforce a particular remedy shall not preclude the discontinuance of the proceedings and the commencement of proceedings to enforce a different remedy.

20

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11   Doc 70-5   Filed 09/19/24   Entered 09/19/24 12:06:52   Pg 2 of 6

Record Book 2333 Page 2025

26. _Reconveyance After Payment_. Upon written request of Beneficiary stating that all obligations secured by this Deed of Trust have been paid, Trustee shall reconvey, without warranty, the Property then subject to the lien of this Deed of Trust. The recitals in any reconveyance of any matters of fact shall be conclusive proof of the truthfulness thereof. The grantee in the reconveyance may be described as "the person or persons legally entitled thereto." Except as otherwise required by T.C.A. § 66-25-115, Grantor shall pay any Trustee's fees or recording fees.

27. _Release of Parties or Collateral_. Without affecting the obligations of any party due under the Credit Documents and without affecting the lien of this Deed of Trust and Beneficiary's security interest in the Collateral, Beneficiary and/or Trustee may, without notice (a) release all or any Obligor and/or any other party now or hereafter liable for any sums due under the Credit Documents (including guarantors, indemnitors or sureties), (b) release all or any part of the Collateral, (c) subordinate the lien of this Deed of Trust or Beneficiary's security interest in the Collateral, (d) take and/or release any other security or guarantees for sums due under the Credit Documents, (e) grant an extension of time or accelerate the time for performance of the obligations owed under the Credit Documents, including payment of the Obligations, (f) modify, waive, forbear, delay or fail to enforce any obligations owed under the Credit Documents, (g) sell or otherwise realize on any other security or guaranty prior to, contemporaneously with or subsequent to a sale of all or any part of the Collateral, (h) make advances pursuant to the Credit Documents, including advances in excess of the Obligations, (i) consent to the making of any map or plat of the Property, and (j) join in the grant of the subordinate lienholder. Grantor shall pay any Trustee's, attorneys' fees, title insurance or recording fees in connection with release of the Collateral, the making of a map or plat or the grant or reservation of an easement or boundary adjustment.

28. _Nonwaiver of Terms and Conditions_. Time is of the essence with respect to performance of the obligations due under this Deed of Trust. Beneficiary's failure to require prompt enforcement of any required obligation shall not constitute a waiver of the obligation due or any subsequent required performance of the obligation. No term or condition of this Deed of Trust may be waived, modified or amended except by a written agreement signed by Grantor and Beneficiary. Any waiver of any term or condition of this Deed of Trust shall apply only to the time and occasion specified in the waiver and shall not constitute a waiver of the term or condition at any subsequent time or occasion.

29. _Right of Subrogation_. Beneficiary is subrogated to the rights, whether legal or equitable, of all beneficiaries, mortgagees, lienholders and owners directly or indirectly paid off or satisfied in whole or in part by any proceeds advanced by Beneficiary under the Credit Documents, regardless of whether these parties assigned or released of record their rights or liens upon payment.

30. _Joint and Several Liability_. If there is more than one grantor of this Deed of Trust (i.e., more than one Grantor), their obligations shall be joint and several.

21

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11   Doc 70-5   Filed 09/19/24   Entered 09/19/24 12:06:52   Pg 3 of 6

Record Book 2333 Page 2026

31. <u>Operating and Financial Statements</u>. Beneficiary may require Grantor to deliver Grantor's financial statements and operating statements (in a form satisfactory to Beneficiary) covering the Property, including tenant lists and current rent schedule (if any) and the certified financial statements of each guarantor (in a form satisfactory to Beneficiary) as more fully set out in the Credit Documents. Grantor shall keep adequate books and records of account in accordance with methods acceptable to Beneficiary in its sole discretion, consistently applied. Without limiting the foregoing, Beneficiary or its authorized representative shall have access to the books and records of Grantor and obtain such statements at Grantor's expense if Grantor fails to provide them as herein set forth, or at any time at Beneficiary's option if Grantor is in default. Beneficiary shall have the option, within 60 days following receipt of the financial and operating statements from Grantor, to order a confirmatory examination of Grantor's books and records pertaining to the Property. Said examination shall be at Beneficiary's expense unless Grantor's statements are found to contain significant discrepancies, in which case the confirmatory audit will be at Grantor's expense. In default thereof Beneficiary shall, in addition to all other remedies, have the option of maturing the indebtedness hereby secured.

32. <u>Payment of New Taxes</u>. If Beneficiary is required to pay any tax because of this Deed of Trust or the sums due under the Credit Documents, then Grantor shall pay to Beneficiary on demand any such taxes.

33. <u>Substitution of Trustee</u>. Beneficiary may at any time discharge the Trustee and appoint a successor Trustee who shall have all of the powers of the original Trustee.

34. <u>Hazardous Waste</u>.

34.1. <u>Representations and Warranties; Covenant</u>. Grantor represents and warrants to Beneficiary that to the best of Grantor's knowledge after due and diligent inquiry, no hazardous or toxic waste or substances are being stored on the Property or any adjacent property nor have any such waste or substances been stored or used on the Property or any adjacent property prior to Grantor's ownership, possession or control of the Property. Grantor agrees to provide written notice to Beneficiary immediately upon Grantor becoming aware that the Property or any adjacent property is being or has been contaminated with hazardous or toxic waste or substances. Grantor will not cause nor permit any activities on the Property which directly or indirectly could result in the Property or any other property becoming contaminated with hazardous or toxic waste or substances. For purposes of this Deed of Trust, the term "hazardous or toxic waste or substances" means any substance or material defined or designated as hazardous or toxic wastes, hazardous or toxic material, a hazardous, toxic or radioactive substance or other similar term by any applicable federal, state or local statute, regulation or ordinance now or hereafter in effect.

34.2. <u>Compliance with Law and Orders</u>. Grantor shall promptly comply with all statutes, regulations and ordinances which apply to Grantor or the Property, and with all orders, decrees or judgments of governmental authorities or courts having jurisdiction

22

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-5    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 4 of 6

Record Book 2333 Page 2027

which Grantor is bound by, relating to the use, collection, storage, treatment, control, removal or cleanup of hazardous or toxic substances in, on or under the Property or in, on or under any adjacent property that becomes contaminated with hazardous or toxic substances as a result of construction, operations or other activities on, or the contamination of, the Property, at Grantor's expense. Beneficiary may, but is not obligated to, enter upon the Property and take such actions and incur such costs and expenses to effect such compliance as it deems advisable to protect its interest as Beneficiary; and whether or not Grantor has actual knowledge of the existence of hazardous or toxic substances in, on or under the Property through foreclosure or deed in lieu of foreclosure, in connection with such compliance activities. If such reimbursement is not made within ten (10) days of Beneficiary's demand therefor, Beneficiary may bring a separate action against Grantor for reimbursement of such costs or may add them to the Obligations at Beneficiary's option.

35. Notices. Any notice given by Grantor, Trustee or Beneficiary shall be in writing and shall be effective upon the earliest of (a) actual receipt, (b) the next business day after the date when sent by recognized overnight courier for next business day delivery, or (c) if sent by mail, upon the earlier of the date of receipt or three (3) days after deposit in the U.S. mail, first class and postage prepaid with return receipt requested, addressed to the affected party at the party's known address, or with respect to Grantor, to the address of Grantor set forth above or at which Beneficiary customarily or last communicated with Grantor.

36. Successors and Assigns. This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto and their heirs, successors and assigns. The terms "**Grantor**," "**Trustee**" and "**Beneficiary**" include their heirs, successors and assigns.

37. Appraisals. In the event of a default, Beneficiary may obtain a current appraisal of the Property which is to be paid for by Grantor. Appraisals may be commissioned by Beneficiary when required by laws and regulations which govern Beneficiary's lending practices. The cost of all such appraisals will be borne by Grantor.

38. Grantor Different From Obligor.

38.1. Representations and Warranties of Third Party Grantor(s). Grantor represents and warrants to Beneficiary that: (i) this Deed of Trust is executed at an Obligor's request; (ii) this Deed of Trust complies with all agreements between each Grantor and any Obligor regarding such Grantor's execution hereof; (iii) Beneficiary has made no representation to any Grantor as to the creditworthiness of any Obligor; and (iv) each Grantor has established adequate means of obtaining from each Obligor on a continuing basis financial and other information pertaining to such Obligor's financial condition. Each Grantor agrees to keep adequately informed from such means of any facts, events or circumstances which might in any way affect such Grantor's risks hereunder. Each Grantor further agrees that Beneficiary shall have no obligation to disclose to any Grantor any information or material about any Obligor which is acquired by Beneficiary in any manner. The liability of each Grantor

23

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-5    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 5 of 6

Record Book 2333 Page 2028

hereunder shall be reinstated and revived, and the rights of Beneficiary shall continue if and to the extent that for any reason any amount at any time paid on account of any Obligation secured by this Deed of Trust is rescinded or must otherwise be restored by Beneficiary, whether as a result of any proceedings in bankruptcy or reorganization or otherwise, all as though such amount had not been paid. The determination as to whether any amount so paid must be rescinded or restored shall be made by Beneficiary in its sole discretion; provided however, that if Beneficiary chooses to contest any such matter at the request of any Grantor, each Grantor agrees to indemnify and hold Beneficiary harmless from and against all costs and expenses, including reasonable attorneys' fees, expended or incurred by Beneficiary in connection therewith, including without limitation, in any litigation with respect thereto.

38.2. <u>Waivers</u>.

(i) Each Grantor waives any right to require Beneficiary to: (A) proceed against any Obligor or any other person; (B) marshal assets or proceed against or exhaust any security held from any Obligor or any other person; (C) give notice of the terms, time and place of any public or private sale or other disposition of personal property security held from any Obligor or any other person; (D) take any other action or pursue any other remedy in Beneficiary's power; or (E) make any presentment or demand for performance, or give any notice of nonperformance, protest, notice of protest or notice of dishonor hereunder or in connection with any obligations or evidences of indebtedness held by Beneficiary as security for or which constitute in whole or in part the Obligations, or in connection with the creation of new or additional obligations.

(ii) Each Grantor waives any defense to its obligations hereunder based upon or arising by reason of: (A) any disability or other defense of any Obligor or any other person; (B) the cessation or limitation from any cause whatsoever, other than payment in full, of any Obligation secured by this Deed of Trust; (C) any lack of authority of any officer, director, partner, agent or any other person acting or purporting to act on behalf of any Obligor which is a corporation, partnership or other type of entity, or any defect in the formation of any such Obligor; (D) the application by any Obligor of the proceeds of any Obligation secured by this Deed of Trust for purposes other than the purposes represented by any Obligor to, or intended or understood by, Beneficiary or any Grantor; (E) any act or omission by Beneficiary which directly or indirectly results in or aids the discharge of any Obligor or any portion of any Obligation secured by this Deed of Trust by operation of law or otherwise, or which in any way impairs or suspends any rights or remedies of Beneficiary against any Obligor; (F) any impairment of the value of any interest in any security for the Obligations or any portion thereof, including without limitation, the failure to obtain or maintain perfection or recordation of any interest in any such security, the release of any such security without substitution, and/or the failure to preserve the value of, or to comply with applicable law in disposing of, any such security; (G) any modification of any Obligation secured by this Deed of Trust, in any form whatsoever, including without limitation the renewal, extension, acceleration or other change in time for payment of, or other change in the terms of, any Obligation secured by this Deed of Trust or any portion thereof, including increase or decrease of the rate of interest thereon; or (H) any requirement that Beneficiary

24

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-5    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 6 of 6

Record Book 2333 Page 2029