give any notice of acceptance of this Deed of Trust. Until all of the Obligations have been paid in full, no Grantor shall have any right of subrogation, and each Grantor waives any right to enforce any remedy which Beneficiary now has or may hereafter have against any Obligor or any other person, and waives any benefit of, or any right to participate in, any security now or hereafter held by Beneficiary. Each Grantor further waives all rights and defenses it may have arising out of: (1) any election of remedies by Beneficiary, even though that election of remedies, such as a non-judicial foreclosure with respect to any security for any portion of the Obligations, destroys such Grantor's rights of subrogation or such Grantor's rights to proceed against any Obligor for reimbursement; or (2) any loss of rights any Grantor may suffer by reason of any rights, powers or remedies of any Obligor in connection with any anti-deficiency laws or any other laws limiting, qualifying or discharging any Obligor's obligations, or otherwise, including any rights any Grantor may have to a fair market value hearing to determine the size of a deficiency following any trustee's foreclosure sale or other disposition of any security for any portion of the Obligations.

(iii) If any of said waivers is determined to be contrary to any applicable law or public policy, such waiver shall be effective to the extent permitted by applicable law or public policy.

39. Severability. In the event any provision contained in this Deed of Trust shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Deed of Trust, but this Deed of Trust shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

40. Attorneys' Fees. In the event any action or proceeding is brought to enforce the provisions of this Deed of Trust, the Beneficiary shall be entitled to recover, as a part of its costs, Attorneys' Fees and Costs.

41. Entire Agreement. This Deed of Trust constitute the entire and complete agreement of the parties with respect to the subject matter hereof, and supersede all prior or contemporaneous understandings, arrangements and commitments, all of which whether oral or written, are merged herein.

42. Controlling Document. In the event of a conflict or inconsistency between the terms and conditions of this Deed of Trust and the terms and conditions of any other of the Credit Documents or Related Agreements, the Credit Documents or Related Agreements shall control, as applicable.

43. Rules of Construction. This Deed of Trust shall be construed so that, whenever applicable, the use of the singular shall include the plural, the use of the plural shall include the singular, and the use of any gender shall be applicable to all genders and shall include corporations, limited liability companies, partnerships and limited partnerships.

25

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-6    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 1 of 8

Record Book 2333 Page 2030

44. <u>Paragraph Headings</u>. The headings to the various paragraphs and subparagraphs have been inserted for convenience of reference only and shall not be used to construe this Deed of Trust.

45. <u>Choice of Law; Jurisdiction and Venue</u>. This Deed of Trust is to be construed in accordance with and governed by the laws of the State of Washington, except for those provisions in this Deed of Trust pertaining to the creation, perfection or validity of or execution on liens or security interests on property located in the state where the Property is located, which provisions shall be governed by and construed in accordance with the laws of the state where the Property is located. Any suit or action in regard to or arising out of the terms or conditions of this Deed of Trust shall be litigated in the state or federal courts situated either in the State of Washington or the state in which the Property is located, and Grantor hereby submits to the jurisdiction of these courts, and further agrees not to assert or claim that such venue is inconvenient or otherwise inappropriate or unsuitable. If there is a lawsuit, Grantor agrees upon Beneficiary's request to submit to the jurisdiction of the courts of King County, Washington.

46. <u>Waiver of Jury Trial</u>. GRANTOR AND BENEFICIARY EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY CONTROVERSY OR CLAIM, WHETHER ARISING IN TORT OR CONTRACT OR BY STATUTE OR LAW, BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH, THIS DEED OF TRUST (INCLUDING, WITHOUT LIMITATION, THE VALIDITY, INTERPRETATION, COLLECTION OR ENFORCEMENT HEREOF), OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY IN CONNECTION HEREWITH. EACH PARTY ACKNOWLEDGES AND AGREES THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY PERSON TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT. THIS PROVISION IS A MATERIAL INDUCEMENT FOR GRANTOR AND BENEFICIARY ENTERING INTO THIS DEED OF TRUST AND THE PARTIES WOULD NOT HAVE ENTERED INTO THIS DEED OF TRUST WITHOUT THIS WAIVER. GRANTOR AND BENEFICIARY EACH HEREBY IS AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER OF JURY TRIAL.

47. <u>Counterparts</u>. This Deed of Trust may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute but one and the same instrument. Signature and acknowledgment pages may be detached from the counterparts and attached to a single copy of this Deed of Trust to physically form one document.

48. <u>State-Specific Provisions</u>.

26
134777.0001/9294714.3 730 Middle Tennessee Blvd, Murfreesboro, TN

24-01421-FPC11    Doc 70-6    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 2 of 8
Record Book 2333 Page 2031

48.1. State-Specific Provisions Control. In the event of any conflict between the terms and provisions set forth in this Section 48 and the other terms and provisions of this Mortgage, this Section 48 shall control.

48.2. Waiver of Statutory Right of Redemption. Grantor hereby expressly waives the equity of redemption and any and all statutory and common law rights of redemption, including those rights of redemption contained in T.C.A. § 66-8-101 *et seq.*, homestead, dower, elective share, rights of appraisement or valuation and all other rights and exemptions of every kind.

48.3. No Liens. Lender has not consented and will not consent to any contract or to any work or to the furnishing of any materials which might be deemed to create a lien or liens superior to the lien of this Deed of Trust, either under T.C.A. § 66-11-108 or otherwise.

48.4. Substitute Trustee; Waiver of Oath and Bond. Beneficiary at any time and from time to time shall have the right and is hereby authorized to name and appoint a successor or substitute to execute this trust, who shall be vested with all of the right, title, estate, powers, privileges and duties of the above named Trustee without the necessity of any conveyance from the above named Trustee or any successor or substitute. Borrower further waives the necessity of Trustee appointed hereunder, or any successor in trust, making oath or giving bond.

48.5. Foreclosure. Upon the occurrence and during the continuance of an Event of Default, pursuant to T.C.A. § 35-5-101 *et seq.*, Beneficiary may require Trustee to advertise the sale of the Property and other Collateral or any part thereof at least three (3) different times, giving notice of time, place and date of sale, which will be not less than twenty (20) days after the publication of the first notice, in some newspaper published in the County where the Land is located (the "***County***"), and to sell all or part of the Property and other Collateral, at public auction, to the highest bidder for cash (or for credit against the obligations if Beneficiary is the highest bidder) or upon such other terms that are satisfactory to Trustee and Beneficiary, free from the equity of redemption and any statutory or common law right of redemption, including, without limitation, those rights of redemption contained in T.C.A. § 66-8-101 *et seq.*, homestead, dower, elective share and rights of appraisement or valuation and all other rights and exemptions of every kind, and all rights to a marshalling of the assets of Grantor, including the Property and other Collateral, all of which are hereby expressly waived, at the front door of the County courthouse at which foreclosure sales are customarily held or such other place in the County or otherwise as permissible under applicable law, or at the election of Beneficiary, at the Land, between the hours of 9:00 o'clock A.M. and 7:00 o'clock P.M. on the day fixed in the notices. Trustee may delegate, in Trustee's sole discretion, any authority possessed under this Deed of Trust, including the authority to conduct a foreclosure sale. Without limiting the foregoing, Trustee may retain a professional auctioneer to preside over the bidding, and the customary charge for the auctioneer's services will be paid from sale proceeds as an expense of sale. Any sale hereunder may be postponed, adjourned or

24-01421-FPC11    Doc 70-6    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 3 of 8

Record Book 2333 Page 2032

continued by Trustee and reset at a later date without additional publication pursuant to T.C.A. § 35-5-101. In no event shall Trustee be required to exhibit, present or display at any such sale any of the personalty described herein to be sold at such sale. Notwithstanding the foregoing, the real property and personalty described herein may, at Beneficiary's sole option, be sold together or separately, in whole or in part, in bulk or individually, or in any combination thereof. To the extent permitted by applicable law, the sale or sales by Trustee of less than the whole of the Property shall not exhaust the power of sale herein granted, and Trustee is specifically empowered to make a successive sale or sales under such power until the whole of the Property shall be sold; and if the proceeds of such sale or sales of less than the whole of the Property shall be less than the aggregate of the obligations and the expenses thereof, this Deed of Trust and the lien, security interest and assignment hereof shall remain in full force and effect as to the unsold portion of the Property and other Collateral just as though no sale or sales had been made. At any such sale Trustee shall deliver to the purchaser a trustee's deed conveying the property so sold without any covenant or warranty expressed or implied. Grantor hereby agrees, on its behalf and on behalf of its successors, representatives and assigns, that any and all recitals made in any deed of conveyance given by Trustee with respect to the identity of Beneficiary, the occurrence or existence of any Event of Default, the acceleration of the maturity of any of the obligations secured by this Deed of Trust, the request to sell, the notice of sale, the giving of notice to all debtors legally entitled thereto, the time, place, terms and manner of sale, receipt, distribution and application of the money realized therefrom, or the due and proper appointment of a substitute Trustee and, without being limited by the foregoing, with respect to any other act or thing having been duly done by Beneficiary or by Trustee hereunder, shall be taken by all courts of law and equity as prima facie evidence of the truth of such statements and that the statements or recitals state facts and are without further question to be so accepted, and Grantor hereby ratifies and confirms every act that Trustee or any substitute trustee hereunder may lawfully do in the Property by virtue hereof. Beneficiary or Beneficiary's designee may bid and become the purchaser of all or any part of the Property and other Collateral at any trustee's or foreclosure sale hereunder, and the amount of Beneficiary's successful bid may be credited on the obligations secured by this Deed of Trust. In the event Beneficiary purchases the Property or other Collateral at any such sale, to the extent Beneficiary's bid price exceeds the obligations secured by this Deed of Trust, Beneficiary shall pay the Trustee cash equal to such excess, to be applied as set forth herein or as otherwise permitted by applicable law. In addition, Beneficiary may pursue such other remedies as Beneficiary may have under applicable law.

[Signature pages to follow]

28
134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-6    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 4 of 8
Record Book 2333 Page 2033

**ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT, OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.**

DATED as of the day and year first above written.

**GRANTOR:**          **IDEAL MURFREESBORO, LLC**

By: IDEAL PROPERTY INVESTMENTS, LLC,
its Manager

By_____
Name: Ryan Wear
Title: Manager

STATE OF WASHINGTON    )
                                    ) ss.
COUNTY OF KING             )

    I certify that I know or have satisfactory evidence that **Ryan Wear** is the person who appeared before me, and said person acknowledged that he signed this instrument, on oath stated that he is authorized to execute the instrument and acknowledge it as **Manager** of **Ideal Property Investments, LLC, Manager of Ideal Murfreesboro, LLC**, a Wyoming limited liability company, to be the free and voluntary act of such party for the uses and purposes mentioned in this instrument.

DATED: March 30, 2023
(Seal or Stamp)

_____
Print Name: Ann Catherine Norby
NOTARY PUBLIC for the State of
Washington, residing at Seattle, WA
My appointment expires: 09-30-2025

Deed of Trust – 730 Middle Tennessee Blvd. Murfreesboro, TN
Signature Page

24-01421-FPC11    Doc 70-6    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 5 of 8
Record Book 2333 Page 2034

## EXHIBIT A

## LEGAL DESCRIPTION

TRACT I:

Land in Rutherford County, Tennessee, being Unit No. 10 of Revision Plat of Middle Tennessee Business Center Condominiums, Phase I, according to plat and survey of record in Plat Book 29, Page 90, and as corrected by Surveyors Certificate of Correction, Revision Plat, Middle Tennessee Business Center Condominiums, Phase I, in record Book 948, Page 1308, Register's Office of Rutherford County, Tennessee, to which plat reference is hereby made for a more complete details of location and description.

Being the same property conveyed to Ideal Murfreesboro, LLC, a Wyoming limited liability company by Special Warranty Deed of record in Record Book 2222, Page 1340, in the Register's Office for Rutherford County, Tennessee.

TRACT II:

Land in Rutherford County, Tennessee, being Unit Nos. 9, 12, 13, 14, 15, 18, 19 and 20 of Revision Plat of Middle Tennessee Business Center Condominiums, Phase I, according to plat and survey of record in Plat Book 29, Page 90, and as corrected by Surveyors Certificate of Correction, Revision Plat, Middle Tennessee Business Center Condominiums, Phase I, in record Book 948, Page 1308, Register's Office of Rutherford County, Tennessee, to which plat reference is hereby made for a more complete details of location and description.

Being the same property conveyed to Ideal Murfreesboro, LLC, a Wyoming limited liability company by Special Warranty Deed of record in Record Book 2222, Page 1706, in the Register's Office for Rutherford County, Tennessee.

134777.0001/9294714.3 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11    Doc 70-6    Filed 09/19/24    Entered 09/19/24 12:06:52    Pg 6 of 8
Record Book 2333 Page 2035

## EXHIBIT B

## PERMITTED LIENS

Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement by Ideal Murfreesboro, LLC, a Wyoming limited liability company, trustor, to Fidelity National Title Insurance Company, Trustee, for the benefit of Avatar REIT I LLC, a Delaware limited liability company, beneficiary, to secure a note in the original amount of $2,562,000.00 secured thereby, dated March 9, 2022, and recorded on March 22, 2022, of record in Record Book 2222, Page 1711, Register's Office for Rutherford County, Tennessee.

134777.0001/9294714.3
Deed of Trust – 730 Middle Tennessee Blvd. Murfreesboro, TN

24-01421-FPC11   Doc 70-6   Filed 09/19/24   Entered 09/19/24 12:06:52   Pg 7 of 8

Record Book 2333 Page 2036

Tennessee Certification of Electronic Document

I, _James E. Spruill_, do hereby make oath that I am a licensed attorney and/or the custodian of the original version of the electronic document tendered for registration herewith and that this electronic document is a true and exact copy of the original document executed and authenticated according to law on _3/28/23_ (date of document).

_____
Affiant Signature

_4/12/2023_
Date

State of _Tennessee_
County of _Williamson_

Sworn to and subscribed before me this _12th_ day of _APRIL_, 2023.

_____
Notary's Signature

MY COMMISSION EXPIRES: _2-24-2025_

NOTARY'S SEAL

[Seal: BRINA MATHIS, STATE OF TENNESSEE NOTARY PUBLIC, WILLIAMSON COUNTY]