Daniel J. Bugbee, WSBA #42412
Laurie M. Thornton, WSBA # 35030
Dominique R. Scalia, WSBA #47313
155 NE 100th Street, Suite 205
Seattle, WA 98125
(206) 489-3819
dbugbee@lawdbs.com
lthornton@lawdbs.com
dscalia@lawdbs.com

The Honorable Frederick P. Corbit

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In re

IDEAL PROPERTY INVESTMENTS LLC.

Debtor.

CASE NO. 24-01421-FPC11

MOTION TO APPROVE SALE OF REAL PROPERTY AND ASSUMPTION AND ASSIGNMENT OF LEASES (ESCONDIDO)

## I. <u>SUMMARY OF RELIEF REQUESTED</u>

Debtor Ideal Property Investments LLC ("Debtor"), by and through its undersigned attorneys, hereby moves the court pursuant to Sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*., Rules 2002, 6004, and 9013 of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Washington, for entry of an order approving the sale of real property located at 530 Opper Street, Escondido, California ("Property"), and further approving





the assumption and assignment of related leases, to proposed Buyer Chris Loughride, as Trustee of the Chris Loughridge Trust, and Brent Jordan Bohlken, as Trustee of the Brent Jordan Bohlken Living Trust, as tenants in common, for a purchase price of $4,650,000. The Property has been marketed for months by the Debtor, and this is the highest and best offer received to date. Should any higher offer on similar terms come to the Debtor in advance of the hearing on this motion, Debtor would propose to approve the sale to that bidder.

The acquisition secured lender, Socotra REIT I LLC ("Socotra"), who has a cross-collateralized loan between the Property and another property located at 25377 Huntwood Avenue, Hayward, California (the "Hayward Property") has agreed to accept a partial payoff of $3,900,000.00, with the remaining amount of its debt owed to be secured by the Hayward Property. First Federal Bank ("First Fed") holds a second position Deed of Trust, Assignment of Leases and Rents, and Security Agreement recorded on April 13, 2023, for which the Debtor does not propose making any distribution out of the sale proceeds, instead retaining the excess proceeds after paying Socotra and closing costs to be used pursuant to a further cash collateral order.

## II. JURISDICTION

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper pursuant to 28 U.S.C. § 1408.

The statutory predicates for the relief sought are in sections 105(a), 363(f), 365 and sections 503 and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9013, and Local Rule 9013-1.



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

24-01421-FPC11 Doc 79 Filed 09/24/24 Entered 09/24/24 17:16:06 Pg 2 of 11

## III. BACKGROUND

Details of the events leading up to the bankruptcy filing by the Debtor are provided in the First Day Declaration (ECF No. 13). To summarize for purposes of this Motion, the Debtor was placed in a state court receivership on May 3, 2024, at the request of creditor First Federal Bank. Debtor owns at least twenty-five parcels of real property (the "Real Property"), and additional parcels are owned by the Debtor's subsidiaries and affiliates. At the inception of the receivership, the Debtor's former manager and principal actor, Ryan Wear ("Wear"), did not disclose all of the Real Property, and the Debtor's current manager is engaged in an ongoing effort to identify all properties owned by the Debtor or that are held by subsidiaries. There are currently at least two federal lawsuits and several state lawsuits alleging that Wear engaged in a massive fraud and Ponzi scheme, and further alleging that the Debtor's Real Property may have been obtained using, in part, funds involved in the fraud. The Debtor filed this bankruptcy proceeding on September 5, 2024 (the "Petition Date") (ECF No. 1) because the state-court receivership process was insufficient to allow for orderly liquidation of the Real Property.

Debtor remains a debtor in possession in this proceeding. To date, no official committee of unsecured creditors has been formed. The Court has approved the interim use of cash collateral (ECF No. 55). There is a further omnibus hearing date set for October 10, 2024, at which this motion will be heard.

## FACTS RELATED TO THIS MOTION

### A. The Real Property

The Property, located at 530 Opper Street, Escondido, California, is an industrial complex. Socotra provided the funding for the initial purchase of the property (the "Socotra Debt"). As referenced above, the Socotra debt is cross-collateralized between the Escondido



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

Property and the Hayward Property. The precise amount of the Socotra debt is a bit unclear due to Socotra having executed on an assignment of rents pre-petition and having obtained force placed insurance when the Debtor's policies covering both properties lapsed. Regardless, the Debtor has been informed that as of the date of Socotra's Notice of Trustee's Sale in March 2024, its loan balance was $8,001,777.71; thus the interim distribution to Socotra of $3,900,000 with the remainder being secured by the Hayward Property[1] is fair and equitable. Socotra has also indicated it intends to submit its proof of claim shortly after this motion is filed, to provide additional clarity on the amounts owed to it in advance of a hearing.

Pre-petition, on or about July 15, 2024, Debtor entered into a purchase and sale agreement (the "Agreement") to sell the Property to Chris Loughride for $4,750,000. Fanelli Decl. at Ex. A. Due to one tenant vacating a portion of the Property, the purchase price has been reduced to $4,650,000. *Id.*, ¶ 2, Ex. B. Mr. Loughride has also now specified that title will be taken as "Chris Loughridge, Trustee of the Chris Loughridge Trust dated November 27, 2001, as to an 80 percent undivided interest, and Brent Jordan Bohlken, Trustee of the Brent Jordan Bohlken Living Trust dated May 23, 2022, as to a 20 percent undivided interest, together as tenants in common" (hereafter, the "Buyer"). *Id.*, Ex. B. Buyer has negotiated the Agreement at arm's length, with each side negotiating through separate real estate brokers. *Id*. The Buyer is not related to the Debtor, its affiliates, or any of its insiders. *Id.*, ¶ 2 The transaction contemplated by the Agreement is typical to a commercial real estate transaction in all respects.

//

//

[1] The Hayward Property had an acquisition price of $8,400,000, thus plenty of equity cushion remains in it behind whatever remains of the Socotra Debt after closing. ECF No. 13 at p. 11.



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

The Property has two known leases. The first lease, for Suite A, is currently held by assignment by Sound-Crete Contractors, Inc., a California Corporation ("Sound-Crete") with a term that ends on September 30, 2027. *Id*., Ex. C. To the best of the Debtor's knowledge, there are no defaults under the Sound-Crete lease. *Id*., ¶ 3. The second lease, for Unit B, is held by the original tenant, Progressive Design Playgrounds, a California Corporation ("PDP"), with a term that ends on October 31, 2026, subject to a three-year option to extend. *Id*., Ex. D. To the best of the Debtor's knowledge, there are no defaults under the PDP lease. *Id*., ¶ 3.

The Property also has one space filled with equipment and inventory that appears to belong to one of the Debtor's affiliated entities, Water Station Management, LLC ("WSM"). Fanelli Decl., ¶ 4. The records of the Debtor indicate that WSM vacated the premises in or about September 2023. *Id*. When WSM vacated the premises, it left behind certain equipment and inventory that remains on the Property. The Debtor intends to store that equipment and inventory. *Id*.

**B. Proposed Distribution and Commissions**

The Debtor has been represented in this transaction by NAI Puget Sound Properties, through its co-broker NAI San Diego ("Broker"). The Broker's application to employ (ECF No. 37) is pending at the time this motion is filed. Pursuant to Debtor's proposal, the Broker is to receive 3% of the sales price. Further, Buyer is represented by Lee & Associates – San Diego, Inc. ("Buyer's Broker"). Under the terms of the Agreement, Buyer's Broker is to receive a commission of 2% of the sales price. The estimated closing statement, which is attached as Exhibit G to the Fanelli Declaration, shows that after the payment of closing costs,



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

brokers' commissions, and the Socotra payoff, the bankruptcy estate is set to receive $424,035.94.

**C. Reasons for Immediate Sale of Real Property**

The Debtor has immediate need of cash to fund its operations. This includes the need to fund the payment of insurance on the remaining real property of the estate. As referenced in the First Day Declaration, many of these properties are currently under force placed insurance, which is expensive and does not provide full coverage to the bankruptcy estate. Further, by selling the Property, the estate will save money by not having to insure it. Finally, the paydown of Socotra from this sale will preserve the equity of the estate in the Hayward Property.

**D. Summary of First Fed Deed of Trust**

First Fed has a second position deed of trust filed against the Real Property executed on November 21, 2023 ("First Fed DOT"). See Fanelli Decl. at Exs. E and F. The obligations secured by the First Fed DOT (*See* Section 3) are as follows:

| Obligation | Obligor | Date | Principal Amount | Security Granted at Closing[2] |
|---|---|---|---|---|
| x0613 Note | Creative Technologies, L.L.C. | March 12, 2021 | $21,000,000.00 | All-asset lien against Creative |
| X0678 Note | Debtor | March 12, 2021 | $2,062,500.00 | 1st position on real property that loan proceeds were used to acquire |
| X0759 Note | 8825, LLC | May 24, 2021 | $3,675,000.00 | 1st position on real property that loan proceeds were used to acquire |
| X0858 Note | Debtor | Sept. 7, 2021 | $4,980,000.00 | 1st position on real property that loan proceeds were |

[2] Because the First Fed DOT was granted after the obligation was incurred, this table summarized the security granted to First Fed simultaneously with the obligation.





A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

| | | | | used to acquire |
|---|---|---|---|---|
| WSM Agreement | Water Station Management, LLC | Aug. 30, 2021 | Unknown | Unknown |

**STATEMENT OF EVIDENCE**

This Motion relies upon the Declaration of Joseph Fanelli in Support of the Motion, and all pleadings and documents on file in this matter.

## IV. AUTHORITY

Bankruptcy Code Section 363(b)(1) authorizes a Chapter 11 debtor-in-possession to sell assets of the estate outside the ordinary course of business where the debtor has shown that sound business reasons exists for the proposed transaction, and that the sale has been proposed in good faith. These requisite showings are designed to protect the interests of creditors and the estate. *In re North Brand Partners*, 200 B.R. 653, 659 (9th Cir. BAP.1996). "'Good faith' encompasses fair value, and further speaks to the integrity of the transaction." *Id*. Here, as explained above, the Debtor has a substantial need for the cash it is set to receive from the sale of the Property. In addition, paying down the first position secured lien, which is cross-collateralized with the Hayward Property, makes solid business sense. Further, the purchase price has been negotiated between separate brokerage firms representing the buyer and seller—a hallmark of the integrity of a real estate transaction.

With respect to the two liens on title, the Bankruptcy Code provides for sales free and clear of any liens, encumbrances, or interests only if: (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all






A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

liens on such property; (4) such interest is subject to bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f).

Here, with respect to Socotra, it has consented to the sale, subject to its receipt of $3.9M of the proceeds at closing. The sale can thus be effectuated free and clear of the Socotra lien. 11 U.S.C. § 363(f)(2).

With respect to First Fed, the Debtor is able to meet the tests provided for in § 363(f)(4) and (5). Starting with § 363(f)(5), there are legal and equitable proceedings in Washington that could compel a junior lienholder to accept a money satisfaction of such interest. These include an instance in which a senior lienholder forecloses real property and pays the balance over what it is owed to a junior lienholder. RCW 61.24.080. Further, a receiver—such as the receiver in place over the Debtor prior to its petition herein—may sell free and clear of liens under RCW 7.60.260, with the liens attaching to the proceeds. *In re Jolan, Inc*., 403 B.R. 866, 870 (Bankr. W.D. Wash. 2009).

Turning to § 363(f)(4), First Fed's DOT is subject to bona fide dispute. A review of the First Fed DOT reveals that it was granted within two years of the petition date and without reasonable equivalent value, as the obligations secured thereby relate to a previously closed transaction, the bulk of which benefited third parties. 11 U.S.C. §548. To establish a "bona fide dispute" under Section 363(f)(4), the moving party must "provide some factual grounds to show some objective basis for the dispute." *See In re Kellogg-Taxe*, No. 2:12-BK-51208-RN, 2014 Bankr. LEXIS 1033, 2014 WL 1016045, at *6 (Bankr. C.D. Cal. Mar. 17, 2014) (citing *In re Gaylord Grain LLC*, 306 B.R. 624, 627 (B.A.P. 8th Cir. 2004)). "[A] court need not






A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

determine the probable outcome of the dispute, but merely whether one exists." *Id.* (internal quotation marks and citation omitted); *see also SEC v. Capital Cove Bancorp LLC*, No. SACV 15-980-JLS (JCx), 2015 U.S. Dist. LEXIS 174856, at *15-16 (C.D. Cal. Oct. 13, 2015). Here, there is enough evidence that this transfer (the granting of the deed of trust) is avoidable to create a bona fide dispute. While evidence of the Debtor's insolvency at the time of the transfer (November 2023) is not yet in the record, given that First Fed filed its petition to appoint a receiver in April 2024, the Debtor believes there is an objective basis for this dispute.

Finally, a debtor in possession may, subject to the court's approval, "assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). A bankruptcy court reviewing a debtor-in-possession's decision to assume or reject an executory contract should examine the contract and the surrounding circumstances through the a "business judgment" lens to determine if it would be beneficial or burdensome to the estate to assume it. *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993). Here, the leases are an integral part of the consideration to be paid by Buyer. The estate benefits as the purchase would not go forward otherwise. Therefore, the proposed assumption and assignment of the leases should be approved.

//

//

//

//

//

//



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

## CONCLUSION

Debtor hereby requests the entry of an order authorizing the sale of the Property pursuant to the PSA and attached addenda to Buyer, including the assumption and assignment of associated leases. It should further grant the Debtor the authority to pay brokers' commissions and costs of sale, and thereafter distribute net proceeds in the amount of $3.9M to Socotra with the balance to be retained by the estate.

DATED this 24th day of September 2024.

DBS | LAW

By */s/ Dominique R. Scalia*
Daniel J. Bugbee, WSBA #42412
Laurie M. Thornton, WSBA # 35030
Dominique R. Scalia, WSBA #47313
*Proposed Attorneys for Ideal Property Investments LLC*






A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

24-01421-FPC11 Doc 79 Filed 09/24/24 Entered 09/24/24 17:16:06 Pg 10 of 11

## CERTIFICATE OF SERVICE

I, Dominique R. Scalia, hereby certify on September 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which, pursuant to Local Rule 5005-1(c)(1), causes parties who are registered ECF participants to be served by electronic means.

Dated this 24th day of September 2024, at Seattle, Washington.

By */s/ Dominique R. Scalia*
Dominique R. Scalia



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205 Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737