UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

IDEAL PROPERTY INVESTMENTS LLC.

Debtor.

CASE NO. 24-01421-11

DEBTOR'S SUPPLEMENTAL FILING IN SUPPORT OF SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Ideal Property Investments, LLC (the "Debtor"), debtor-in-possession in the above-captioned chapter 11 bankruptcy case, hereby provides this supplemental filing in support of its request for a second interim order authorizing its use of cash collateral ("Second Interim Cash Collateral Order"). In the Second Interim Cash Collateral Order, Debtor seeks the following relief:

1. Continuing to authorize, on an interim basis, Debtor's use of Cash Collateral (defined below) pursuant to an approved Budget (defined below);

2. Further granting, on an interim basis, adequate protection of the security interests of parties with security interests in the Debtor's assets;

3. Setting a third interim hearing ("Third Hearing") to consider extending the relief requested, as may be modified by stipulation or further motion, again on an interim basis.



A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

In support of this supplemental filing, the Debtor incorporates the Declaration of Eric Camm in Support of First Day Motions (ECF No. 13) (the "First Day Decl.") and the concurrently filed Declaration of Joseph Fanelli ("Fanelli Decl."). A proposed form of the Second Interim Cash Collateral Order is submitted herewith. Debtor incorporates the factual background and legal analysis from its Emergency Motion for Order to Use Cash Collateral ("Motion"). ECF No. 11

INTRODUCTION

Debtor remains a debtor in possession in this proceeding. To date, no official committee of unsecured creditors has been formed. The Court has approved the interim use of Cash Collateral[1] (ECF No. 55) (the "First Interim Order"), which set a further hearing on the continued use of Cash Collateral for October 10, 2024. The Debtor reserves the right to file further supplements in advance of the October 10th hearing to the extent there are any material updates.

1. Update Since Last Hearing

The Debtor and its professionals have continued efforts to stabilize the estate. As further outlined below, those efforts have primarily consisted of obtaining insurance over all properties, collecting rent from tenants, readying Real Properties for sale, identifying creditors, and working on a path forward to maximize the value to the estate and its creditors. A §341 hearing was held on September 27, 2024.

In addition, the management of the Debtor has been vested, pending Court approval, in a chief restructuring officer: J. Fanelli Properties, LLC ("CRO" or "Fanelli"). Fanelli has assumed this role due to concerns, including those of the United States Trustee's office, over the continued management of the Debtor's affairs by its manager, Eric Camm, when Mr. Camm is a principal at Turning Point, which continues as the custodian of the Debtor and the state-court appointed receiver over the Debtor's subsidiaries.

---

[1] All capitalized terms not defined herein shall have the definition ascribed in the Motion.

SUPPLEMENTAL FILING IN SUPPORT OF SECOND INTERIM
ORDER ATHORIZING USE OF CASH COLLATERAL - 2

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205    Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

24-01421-FPC11    Doc 97    Filed 09/27/24    Entered 09/27/24 16:26:05    Pg 2 of 7

Important to the upcoming hearing, rent collection has been sporadic and challenging. As an initial matter, the Debtor still lacks clarity on what Real Properties are occupied by third-party tenants as opposed to tenants comprising Debtor's affiliated entities, Creative Technologies, LLC; Refreshing USA, LLC; and Water Station Management, LLC (collectively referred to as "Creative"), which remain subject to an involuntary bankruptcy proceeding in the Southern District of Texas. Further, certain secured creditors executed on assignments of rents, thereby directing tenants to pay the secured creditors directly. The Debtor's team is working cooperatively with the respective secured parties to reverse those directives. Finally, certain real property initially assumed to be part of the bankruptcy estate has been determined to be titled in Debtor's subsidiaries, rendering those properties and their rent not property of the estate pursuant to 11 U.S.C. §541. The Debtor intends to have a motion on file in advance of the second interim hearing on use of cash collateral to address the role of the subsidiaries in the bankruptcy case. As a result, the Debtor submits an updated rent roll from what was presented at the first Cash Collateral hearing, attached as <u>Exhibit A</u> to the Fanelli Decl., which excludes rent derived from subsidiary owned properties.

Relatedly, Debtor has discovered that with respect to one of its proposed adequate protection payments approved in the First Interim Order would have gone to a secured creditor of one of its subsidiaries, Avatar REIT I, LLC. Upon discovering this fact, no adequate protection payment was made to this creditor. Debtor did make the following adequate protection payments for the month of September: First Federal Bank: $14,842.19; Cadence Bank: $5,152.01; Socotra REIT I LLC: $11,599.56.

The Debtor and its professionals have been working diligently to gain better information about the value of the Real Property and the amount of secured liens against each. An updated schedule, just showing the Real Property held by the estate (and not Debtor's subsidiaries) is attached as <u>Exhibit B</u> to the Fanelli Decl. Debtor has likewise updated its schedules in this

SUPPLEMENTAL FILING IN SUPPORT OF SECOND INTERIM
ORDER ATHORIZING USE OF CASH COLLATERAL - 3

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

24-01421-FPC11    Doc 97    Filed 09/27/24    Entered 09/27/24 16:26:05    Pg 3 of 7

proceeding, although it recognizes that a further update is likely needed once more information is available to it.

      The Debtor has identified one piece of Real Estate, 530 Opper Street, Escondido, CA (the "Escondido Property") that is ready for sale and has filed a motion to approve such sale (ECF No. 79). This sale, if approved, will paydown Socotra REIT I, LLC, which is cross-collateralized on another of Debtor's Real Properties. It will also provide the Debtor approximately $420,000 in sale proceeds, which Debtor seeks court authority to use at the upcoming hearing. Attached as Exhibit C to the Fanelli Decl. is the updated cash collateral budget ("Second Interim Cash Collateral Budget"), which forecasts the Escondido Property net proceeds. Related to the Escondido Property sale, as highlighted in the motion to approve the sale, the Debtor is aware of certain personal property left behind by a former tenant and affiliated entity, Water Station Management, LLC ("WSM"), after it terminated its tenancy in September of 2023. Due the pending bankruptcy of that entity, the Debtor needs to preserve those assets for WSM and cannot just abandon or sell the items. To do that, Debtor will need to rent storage space, either from the buyer of the Escondido Property or a third party. It has included the maximum amount that it would anticipate for such storage to cost in the Second Interim Cash Collateral Budget. Incurring such expense brings value to Debtor's estate, as the Escondido sale could not close without dealing with the WSM personal property.

      The Debtor continues to work with its real estate brokers to market the remaining Real Properties for sale, either individually or through a portfolio offer – identifying those ready for a more immediate sale and those that should be sold under a confirmed Plan of Reorganization. With respect to the three residential real estate properties (Camano, WA and two in San Antonio, TX), the Debtor intends to hire residential real estate brokers in the respective states, subject to court approval, to begin marketing those Real Properties.

      Another important issue the Debtor is working on is binding property and casualty insurance covering the Real Properties. To that end, the Debtor has been informed it can anticipate

SUPPLEMENTAL FILING IN SUPPORT OF SECOND INTERIM ORDER ATHORIZING USE OF CASH COLLATERAL - 4

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

24-01421-FPC11    Doc 97    Filed 09/27/24    Entered 09/27/24 16:26:05    Pg 4 of 7

receiving quotes early next week and that the premium cost is estimated to be around $550,000, and the Debtor will likely be able to finance between 50% to 75% of the premium. The Debtor will bring motions to approve any financing arrangement as required under the Bankruptcy Code.

Finally, Debtor forecasts to pay certain professional fees of Fanelli Properties and DBS Law in the Second Interim Cash Collateral Budget, up to $50,000, to be split between the respective professionals pro-rata based upon their September time, subject to entry of orders approving each professional's employment and approving payment of fees.

## ANALYSIS

The purpose of adequate protection under Bankruptcy Code § 363 is to compensate a secured lender solely for the diminution in value of its collateral. *Qmect, Inc. v. Burlingame Capital Partners II, L.P.*, 373 B.R. 682, 689-90 (N.D. Cal. 2007) (citing *In re Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 377, 108 S.Ct. 626 (1988)). Adequate protection payments are not to be used to compensate the creditor for lost interest or to provide lost opportunity costs. *In re Weinstein*, 227 B.R. 284, 296 (9th Cir. BAP 1998) (citing *In re Timbers*). Adequate protection is not meant to be a guarantee that a creditor will be paid in full. Instead, the Court must determine whether the creditor's interests are protected as nearly as possible against the possible risks to that interest. *In re Ernst Home Ctr.*, 209 B.R. 955, 966 (Bankr. W.D. Wash. 1997); *In re McCombs Properties VI, Ltd.*, 88 B.R. 261, 267 (Bankr. C.D.Cal. 1988).

The Secured Lenders will be protected by the granting of replacement liens on their respective collateral and making certain adequate protection payment ("Adequate Protection Payments"). The Adequate Protection Payments are calculated based upon Debtor's analysis of how much rent it is set to receive off a given Real Property and how much the respective Secured Lender is owed on such Real Property. The chart attached as <u>Exhibit D</u> to the Fanelli Decl. outlines the calculations of the proposed Adequate Protections Payments and the specific amounts are likewise included in the Second Interim Cash Collateral Budget. Further, as indicated above, the first-position Secured Lenders are also broadly protected with equity cushions on their individuals parcels of

SUPPLEMENTAL FILING IN SUPPORT OF SECOND INTERIM
ORDER ATHORIZING USE OF CASH COLLATERAL - 5

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

24-01421-FPC11    Doc 97    Filed 09/27/24    Entered 09/27/24 16:26:05    Pg 5 of 7

prepetition collateral. With respect to First Fed's second position security interests—a blanket lien across substantially all of the Debtor's Real Property (as well as certain subsidiaries)—while individual parcels do not each have adequate equity to protect First Fed, taken together the entire Real Property portfolio (including subsidiaries) does include sufficient equity to protect the second-position lien. Adding the Debtor's commitment to maintaining (and in some cases, obtaining) insurance, the grant of a super-priority administrative expense claim for any diminution in the value of the Secured Lenders' interests, and the Adequate Protection Payments, the requirements of 11 U.S.C. § 363 are met.

## CONCLUSION

The use of Cash Collateral is critical to the Debtor's ability to meet its obligations and move this case forward. The Debtor's proposed protection of the Secured Lenders' liens is adequate at this juncture to protect against any diminution in value of their collateral. The Debtor asks the Court to approve the Debtor's use of cash collateral in accordance with the proposed Second Interim Cash Collateral Budget.

DATED this 27th day September 2024.

DBS LAW

By  s/ Daniel Bugbee
　　Daniel J. Bugbee, WSBA # 42412
　　Laurie Thornton, WSBA # 35030
　　Dominique Scalia, WSBA # 47313
　　*Proposed Attorneys for Debtor*

SUPPLEMENTAL FILING IN SUPPORT OF SECOND INTERIM ORDER ATHORIZING USE OF CASH COLLATERAL - 6

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

24-01421-FPC11    Doc 97    Filed 09/27/24    Entered 09/27/24 16:26:05    Pg 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify on the date set forth below, I caused to be electronically filed the foregoing document, the Declaration of Joseph Fanelli, and the Proposed Second Interim Order to (1) Authorize Use of Cash Collateral and (2) Granting Adequate Protection with the Clerk of the Court using the CM/ECF system which causes parties who are registered ECF participants to be served by electronic means.

Dated this 27th day of September 2024 at Seattle, Washington.

By /s/ *Daniel J. Bugbee*
Daniel J. Bugbee, WSBA # 42412

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737