UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

In re

IDEAL PROPERTY INVESTMENTS LLC,

Debtor.

CASE NO: 24-01421-FPC11

SECOND INTERIM ORDER TO (1) AUTHORIZE USE OF CASH COLLATERAL AND (2) GRANTING ADEQUATE PROTECTION

THIS MATTER came before the Court upon the Motion to (1) Authorize Use of Cash Collateral and (2) Granting Adequate Protection (the "Motion") filed by Ideal Property Investments LLC (the "Debtor"), debtor-in-possession herein (ECF No. 11) and the supplemental pleadings filed herein. Capitalized terms herein shall have the meaning identified in the Motion Authorizing (1) Use of Cash Collateral and (2) Granting Adequate Protection unless otherwise indicated. The Court has reviewed the files herein and it is hereby

**ORDERED:**

i) <u>Findings</u>. Findings in this Second Interim Order shall remain the findings of the court.

SECOND INTERIM ORDER RE: CASH COLLATERAL AND
ADEQUATE PROTECTION - 1



A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

(A) The Debtor filed this Chapter 11 case on September 5, 2024 (the "Petition Date"). The Debtor retains control over its assets and continues to operate its business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

(B) Notice hereof is adequate and reasonable under the circumstances pursuant to Bankruptcy Rules 4001.

(C) As of the Petition Date, each of the Secured Lenders had recorded documents asserting liens in the Debtor's Real Property. This order does not impact or constitute a finding regarding the validity or priority of the Secured Lenders' liens.

(D) On September 9, 2024, the Debtor filed its *Debtor's Emergency Motion for Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection* (the "Emergency Motion"). On September 13, 2024, the court held a hearing on the Emergency Motion.

(E) On September 13, 2024, the court entered the *First Interim Order Granting Motion to Use Cash Collateral and Granting Adequate Protection* (ECF No. 55).

(F) This court has jurisdiction over these proceedings and the parties and property affected by this order pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the motion and its supplemental filings constitutes a core proceeding as defined in 28 U.S.C. § 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

(G) Based on the record before the court, including the First Interim Cash Collateral Budget, the fact that ongoing operations will maximize the value of the Debtor's assets and estate, and the granting of adequate protection as set forth herein, the Court finds that, on an interim basis, the interests of the Secured Lenders are adequately protected by the provisions of this order, as contemplated by §§ 361 and 363 of the Bankruptcy Code.

(H) The court concludes that entry of this Second Interim Order is in the best interest of the Debtor's creditors and its estate because it will allow the Debtor to remain in operation by providing necessary working capital. Absent entry of this order, the Debtor's estate

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205    Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

would be immediately and irreparably harmed.

ii) Subject to the terms and conditions of this Order, the Debtor is authorized to use Cash Collateral (a) to pay its costs and expenses and for the purposes identified in the Budget with respect to the Debtor's business operations, and (b) in amounts not to exceed the aggregate amount authorized under the updated budget attached as Exhibit A to this Second Interim Order (the "Second Interim Cash Collateral Budget"), subject only to the adjustments permitted under Paragraph iii of this Second Interim Order.

iii) Budget. The Debtor is authorized to use Cash Collateral in accordance with the Second Interim Cash Collateral Budget. The Debtor may exceed the payment amounts contemplated by a line item of the Second Interim Cash Collateral Budget for a budget period, so long as the Debtor's total payments for the line item for the period do not exceed the budgeted amount by more than ten percent (10%); provided, however, that the Debtor may roll forward, incur, and shift payment of any budgeted expense in any line item to a later time during the Second Interim Period and may pay that expense when due.

iv) Adequate Protection. As adequate protection for the Debtor's use of Cash Collateral:

(A) Secured Lenders are hereby granted replacement liens on and security interests in all Postpetition Collateral, to the same extent and with the same validity and priority as Secured Lenders' liens in prepetition collateral, to secure an amount equal to the decrease, if any, in the value of Secured Lenders' interest in prepetition collateral. For purposes of this Second Interim Order, "Postpetition Collateral" means and includes all postpetition property of Debtor that is of the same type and nature as the Prepetition Collateral. Postpetition Collateral does not include Debtor's claims for relief arising under the Bankruptcy Code, such as those arising under sections 506(c), 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code.

(B) The Debtor shall procure or maintain insurance on its assets.

(C) In accordance with section 507(b) of the Bankruptcy Code, if,

SECOND INTERIM ORDER RE: CASH COLLATERAL AND ADEQUATE PROTECTION - 3

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

24-01421-FPC11    Doc 97-1    Filed 09/27/24    Entered 09/27/24 16:26:05    Pg 3 of 4

notwithstanding the foregoing protections, a Secured Lender has a claim allowable under section 507(a)(2) of the Bankruptcy Code arising from the stay of action against the prepetition collateral, from the use, sale, or lease of such collateral, or from the granting of any lien under Section 364(d) on such collateral, then such Secured Lender's claim under section 507(i)(ii) shall have priority over every other claim and administrative expense allowable under such subsection.

(D) The Debtor shall pay any excess funds, as projected in the Second Interim Cash Collateral Budget, to first-position lien holding Secured Lenders on a pro rata basis based upon the amount of such Secured Lenders' secured claim on Real Properties from which Debtor derives income.

v) <u>Evidence of Adequate Protection Liens</u>. This Second Interim Order shall be sufficient for, and conclusive evidence of, the priority, perfection, and validity of the Adequate Protection Liens and Secured Lenders shall not be required to file or serve mortgages, UCC financing statements, notices of lien or similar instruments, or take any other action in order to preserve the priority, perfection, and validity of the Adequate Protection Liens.

vi) <u>Second Interim Period</u>. The Debtor is authorized to use Cash Collateral through November 13, 2024, unless and until otherwise ordered by the court.

vii) <u>No Waiver.</u> This Second Interim Order shall not constitute a waiver by Secured Lenders of any of their claims, rights, or interests under their respective agreements with the Debtor, the Bankruptcy Code or other applicable law.

viii) <u>Further Hearing</u>. A further hearing shall be held on or before November 12, 2024, regarding continued use of Cash Collateral.

/ / /End of Order/ / /

Presented by:

DBS LAW

By *Daniel J. Bugbee*_____
    Daniel J. Bugbee, WSBA No. 42412
    *Proposed Attorneys for Debtor*

SECOND INTERIM ORDER RE: CASH COLLATERAL AND
ADEQUATE PROTECTION - 4

