Gregory R. Fox, WSBA No. 30559
Andrew J. Geppert, OSB No. 203744*
Todd M. Brannon, WSBA No. 59755
Lane Powell PC
1420 Fifth Avenue, Suite 4200
Seattle, Washington 98101
Telephone: 206-223-7000
FoxG@lanepowell.com
GeppertA@lanepowell.com
BrannonT@lanepowell.com
*Admitted Pro Hac Vice

Attorneys for First Fed Bank

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re

IDEAL PROPERTY INVESTMENTS LLC,

Debtor.

Case No. 24-01421-FPC11

**FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION**

First Fed Bank, a Washington state commercial bank ("First Fed"), hereby submits this limited objection (this "Limited Objection") in response to (i) *Debtor's Motion to Approve Sale of Real Property and Assumption and Assignment of Leases (Escondido)* (ECF 79) (the "Sale Motion"), and (ii) *Debtor's Amended Emergency Motion for Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection* (ECF 16), as supplemented on October 4, 2024 (ECF 109) (collectively, the "Cash Collateral Motion").

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

24-01421-FPC11    Doc 116    Filed 10/07/24    Entered 10/07/24 16:40:33    Pg 1 of 12

In its Sale Motion, among other things, Debtor seeks authority to sell real property located at 530 Opper Street, Escondido, California (the "Property") free and clear of First Fed's Deed of Trust (as defined herein) and retain the proceeds therefrom.

In its Cash Collateral Motion, Debtor seeks authority to continue using cash collateral on the terms set forth in a Second Interim Order and attached budget filed October 4, 2024. ECF 109 (Supplemental Filing). The budget includes expenses for, among other things (i) adequate protection payments, (ii) property insurance, (iii) property maintenance, and (iv) professional fees.

For evidence in support of this Limited Objection, First Fed relies on the Master Declaration of Kyle Henderson ("Henderson Decl.") submitted herewith, and the other papers and pleadings on file with the Court. Capitalized terms used but not defined herein shall have the meanings given to such terms in the Sale Motion.

## I. LIMITED OBJECTION

First Fed is a regulated, federally insured bank, that made over $28 million in secured commercial loans (collectively, the "Loans") to Debtor and its affiliate, Creative Technologies, LLC ("Creative"). The current balance of the Loans exceeds $20 million with interest accruing at an aggregate per diem of $5,699.56. Henderson Decl., ¶ 21.

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

24-01421-FPC11    Doc 116    Filed 10/07/24    Entered 10/07/24 16:40:33    Pg 2 of 12

On November 21, 2023, Debtor granted to First Fed a Deed of Trust, Assignment of Leases and Rents, and Security Agreement (the "Deed of Trust") on the Property to secure loan obligations of Debtor and certain of its affiliates to First Fed. Henderson Decl., ¶ 18, Ex. P. The Deed of Trust was recorded on December 4, 2023, in the real property records of San Diego County, California under instrument number 2023-0333560. Id. The Deed of Trust secures all of the Loans from First Fed described above. Id.

**A.    Sale Motion**

Debtor seeks to sell the Property free and clear of First Fed's Deed of Trust under 11 U.S.C. § 363(f)(4) and (f)(5). First Fed does not dispute that Debtor may sell the Property free and clear under 363(f)(5). However, there is no basis for Debtor to sell the Property free and clear under 363(f)(4) because Debtor has failed to demonstrate that a bona fide dispute exists as to the validity of First Fed's Deed of Trust.

1.    <u>First Fed does not contest that Debtor may sell the Property free and clear under 11 U.S.C. 363(f)(5)</u>.

Debtor argues that it is entitled to sell the Property free and clear of First Fed's lien under 11 U.S.C. 363(f)(5) because there exist legal and equitable proceedings under Washington law that could compel a junior lienholder like First Fed to accept money in satisfaction of its interest—proceedings like foreclosure and receivership sales. Without conceding Debtor's argument and reserving its rights as it relates to

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

24-01421-FPC11    Doc 116    Filed 10/07/24    Entered 10/07/24 16:40:33    Pg 3 of 12

future sales, First Fed does not contest that Debtor may sell the Property free and clear under 363(f)(5), with First Fed's liens attaching to the sale proceeds in the order and priority as existed on the petition date.

2. <u>Debtor may not sell the Property free and clear under 11 U.S.C. 363(f)(4) because there is no bona fide dispute as to the validity of First Fed's lien.</u>

Debtor has the burden of establishing the existence of a bona fide dispute under Section 363(f)(4). *See In re Dewey Ranch Hockey, LLC*, 406 B.R. 30 (Bankr. D. Ariz. 2009). In the Ninth Circuit, courts have applied an objective test for determining whether a bona fide dispute exists under Section 363(f)(4). *Id.* at 39; *In re Vortex Fishing Systems, Inc.,* 277 F.3d 1057 (9th Cir.2002).

The objective test "requires the court to determine whether there is an objective basis for either a factual or a legal dispute as to the validity of the claim . . . [and] that the mere existence of pending litigation or the filing of an answer is insufficient to establish the existence of a bona fide dispute." 406 B.R. at 39 (internal quotations omitted).

In its Sale Motion, Debtor argues that because Debtor granted First Fed the Deed of Trust on the Property at a time other than when Debtor's obligations to First Fed were incurred, it is avoidable. ECF 79 (Sale Motion) at p. 8. Among other things, Debtor summarily asserts that (i) Debtor received less than reasonably equivalent value in exchange for granting the Deed of Trust and (ii) Debtor was

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

24-01421-FPC11    Doc 116    Filed 10/07/24    Entered 10/07/24 16:40:33    Pg 4 of 12

insolvent at the time it granted the Deed of Trust.

Debtor provides no evidence—*none*—to support its assertions that Debtor received less than reasonably equivalent value or was insolvent at the time it granted First Fed the lien in question. There is simply no factual basis upon which to conclude that a bona fide dispute exists as to the validity of First Fed's Deed of Trust, which was validly granted by Debtor and duly perfected in accordance with applicable law. In fact, the additional deeds of trust granted to First Fed induced First Fed to release certain collateral and provide formal and informal periods of forbearance on defaulted loan and payment obligations that were owing to First Fed directly and as a secured party (*i.e.*, the intercompany payable that constituted First Fed's payment intangible collateral). *See, e.g.* Henderson Decl., ¶ 18, Ex. O. Accordingly, Debtor has failed to meet its burden of establishing the existence of a bona fide dispute and is not entitled to rely on Section 363(f)(4) to sell the Property free and clear of First Fed's lien.

3. <u>Debtor's retention of proceeds from the sale will result in interest accrual that may impair any recovery to Unsecured Creditors</u>.

Despite Debtor pledging the Property to secure in excess of $20 million in loans owing to First Fed, and Debtor owing roughly $5.7 million of that amount as a direct borrower, Debtor proposes to make no payment to First Fed upon closing. ECF 79 (Sale Motion) at 2. Instead, Debtor proposes to retain such proceeds to be used in accordance with an interim cash collateral order, subject to the Court

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

24-01421-FPC11    Doc 116    Filed 10/07/24    Entered 10/07/24 16:40:33    Pg 5 of 12

awarding adequate protection to First Fed (discussed further below).[1] *Id.* First Fed acknowledges Debtor's interest in preserving liquidity to fund its case, but it is not without cost. Without payment at closing, First Fed's secured claim will continue to accrue interest on the full debt amount, which will ultimately impair any recovery to unsecured creditors to the extent there is a surplus after the liquidation of Debtor's real estate portfolio. In addition, Debtor proposes to exhaust most of those sale proceeds without any prospect for replacement of that cash collateral, and no evidence of an equity cushion to protect First Fed.

**B.    Cash Collateral Motion**

Although First Fed does not object to the continued use of Cash Collateral on an interim basis to fund expenses that are necessary to preserve property of the estate and conduct a marketing and sale process for Debtor's assets, Debtor has failed to establish that all expenses in its proposed interim budget (the "<u>Budget</u>") are necessary or appropriate. Additionally, Debtor cannot satisfy its burden that First Fed is adequately protected.

Therefore, the Court should not approve Debtor's interim use of Cash Collateral without (i) requiring Debtor to provide additional support for the professional fees proposed in the Budget and (ii) barring use of Cash Collateral for

---

[1] First Fed questions whether Debtor can provide adequate protection to the extent First Fed's cash collateral is used to fund professional fees and costs that are not directly tied to the marketing and sale of Debtor's real estate assets.

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

24-01421-FPC11    Doc 116    Filed 10/07/24    Entered 10/07/24 16:40:33    Pg 6 of 12

professional fees unrelated to the preservation and/or liquidation of collateral.

    1.    <u>It is not clear that the professional fees in the Budget relate only to preservation and/or liquidation of Collateral</u>.

The Budget provides for $75,000 to pay the professional fees of Debtor's counsel DBS Law and Debtor's proposed chief restructuring officer, Fanelli Properties, subject to the Court approving such professional's employment and fees. ECF 110 (Fanelli Declaration) at 4, 10. First Fed objects to any of such cash collateral being used to pay professional fees other than such professional fees that relate to preservation, marketing and/or sale of First Fed's collateral.

    2.    <u>First Fed is not adequately protected vis-à-vis its second position liens</u>.

Section 363(c)(2) of the Bankruptcy Code prevents a debtor in possession from using cash collateral unless (i) the entity that asserts an interest in such cash collateral consents or (ii) a bankruptcy court authorizes such use after notice and a hearing. This provision works in tandem with section 363(e), which provides that "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court . . . shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). As a result of these provisions, courts will authorize a debtor in possession to use cash collateral to continue its operations during a bankruptcy case only so long as the interests asserted by a secured creditor in such collateral are adequately protected.

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

124770.0042/9886775.4

24-01421-FPC11   Doc 116   Filed 10/07/24   Entered 10/07/24 16:40:33   Pg 7 of 12

"The burden of proof is on the debtor to demonstrate that the secured creditor is adequately protected for purposes of using its cash collateral." *In re Hari Ram, Inc.*, 507 B.R. 114, 120 (Bankr. M.D. Pa. 2014) (citing *Resolution Trust Corp. v. Swedeland Dev. Grp., Corp. (In re Swedeland Dev. Grp., Inc.)*, 16 F.3d 552, 564 (3d Cir. 1994)); 11 U.S.C. § 363(p)(1). "[A] determination of whether there is adequate protection is made on a case by case basis." *In re Swedeland Dev. Grp., Inc.*, 16 F.3d at 564. The Bankruptcy Code provides some guidance in determining whether a secured creditor or interest holder has been provided adequate protection. *See* 11 U.S.C. § 361. Section 361 of the Bankruptcy Code provides that adequate protection may be provided in the form of (1) "a cash payment or periodic cash payments," (2) "an additional or replacement lien," or (3) "such other relief as will result in the realization by [the grantee] of the indubitable equivalent of such entity's request in such property."

Here, Debtor mistakenly argues that Secured Lenders will be adequately protected through (i) replacement liens in post-petition collateral; (ii) Debtor's maintenance of insurance on Secured Lenders' collateral; (iii) a super-priority administrative expense claim to the extent of any post-petition diminution in value; and (iv) periodic payments of amounts in excess of the Budget to first-position Secured Lenders on a pro rata basis based upon the amount of such Secured Lenders' secured claim. ECF 109 (Supplemental Filing) at 4.

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

134777.0002/9886775.4

24-01421-FPC11    Doc 116    Filed 10/07/24    Entered 10/07/24 16:40:33    Pg 8 of 12

### 3. Existing statutory liens and administrative expense claims are not a basis for adequate protection.

With respect to replacement liens and administrative expense claims, such offers are illusory because the Bankruptcy Code already grants First Fed replacement liens in post-petition rents as a matter of law. *See* 11 U.S.C. §§ 361(3) and 552(b). As a result, Debtor's use of First Fed's Cash Collateral must be limited to continuing property insurance coverage, security, maintenance, and other operational expenses directly related to preservation of collateral. In denying use of cash collateral in a similar situation involving a hotel property, the *Hari Ram* court rejected the debtor's argument that replacement liens constituted adequate protection:

> Unlike other forms of cash collateral, a pre-petition security interest in hotel room revenues continues to attach to post petition revenues. 11 U.S.C. § 552(b). Under these circumstances, **the offer of a replacement lien on the post-petition rents is meaningless because the creditor already has a lien on these assets**.

*In re Hari Ram, Inc.*, 507 B.R. at 125 (emphasis added); *see also In re Buttermilk Towne Center, LLC*, 442 B.R. 558, 566 (6th Cir. BAP 2010) (holding that future rents do not provide adequate protection for the debtor's expenditure of prior months rents); *In re Las Torres Dev., LLC*, 413 B.R. 687, 696-97 (Bankr. S.D. Tex. 2009) (holding that it was "disingenuous" to offer replacement lien on post-petition rents because lender already had lien on rents); *In re Chatham Parkway Self Storage, LLC*,

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

24-01421-FPC11    Doc 116    Filed 10/07/24    Entered 10/07/24 16:40:33    Pg 9 of 12

2013 WL 1898058, at *6 (Bankr. S.D. Ga. Apr. 25, 2013) (holding that replacement lien in rents is "illusory" because section 552(b) provides lien on post-petition rents).

Similarly, Debtor's mere assertion that First Fed will be protected by a section 507(b) administrative expense claim is not alone a form of adequate protection. The grant of an administrative expense claim under section 507(b) is conditioned upon Debtor having "provide[d] adequate protection of the interest of the holder of a claim." Here, Debtor has failed to establish the threshold requirement that First Fed is adequately protected such that an administrative expense claim would remedy any diminution in value of First Fed's secured interests.

4. <u>Debtor's preexisting obligation to maintain insurance coverage does not adequately protect First Fed</u>.

With respect to maintaining insurance on the collateral, Debtor does not cite any authority suggesting that this act alone is a sufficient form of adequate protection. Although Debtor is proposing use of Cash Collateral to pay insurance expenses, which First Fed supports, Debtor already had a preexisting duty to maintain insurance coverage on the real properties securing First Fed's claims.

5. <u>Periodic payments to first position secured lenders do not adequately protect First Fed vis-à-vis its second position liens</u>.

First Fed holds second-position deeds of trust on certain of Debtor's Real Properties. During the pendency of Debtor's case, interest continues to accrue on first-position Secured Lenders loans to the extent not satisfied by the periodic

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

payments to such lenders described above. As set forth above, Debtor is not proposing to pay First Fed periodic cash payments under the proposed cash collateral order with respect to its second-position deeds of trust. Also as set forth above, First Fed is not adequately protected vis-à-vis its second-position liens by replacement liens, insurance, or administrative expense claims. Accordingly, Debtor's proposed use of cash collateral should be denied for failing to provide First Fed adequate protection vis-à-vis its second-position deeds of trust.

First Fed reserves all rights with respect to the relief sought in the Cash Collateral Motion, including the right to amend or supplement this Limited Objection in response to any proposed final order.

//

//

//

//

//

//

//

//

//

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

## II. CONCLUSION

For the foregoing reasons, First Fed respectfully requests that the Court deny Debtor's Sale Motion to the extent of its reliance on 11 U.S.C. § 363(f)(4) and its Cash Collateral Motion for failing to specify the scope of payment for professional fees and failing to adequately protect First Fed vis-à-vis its second-position liens.

DATED this 7th day of October, 2024.

LANE POWELL PC

By /s/ Gregory R. Fox
Gregory R. Fox, WSBA No. 30559
Andrew J. Geppert, OSB No. 203744*
Todd M. Brannon, WSBA No. 59755
Attorneys for First Fed Bank

*Admitted Pro Hac Vice

FIRST FED'S LIMITED OBJECTION TO DEBTOR'S SALE MOTION (ESCONDIDO) AND INTERIM CASH COLLATERAL MOTION- 12

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
TELEPHONE: 206.223.7000

24-01421-FPC11    Doc 116    Filed 10/07/24    Entered 10/07/24 16:40:33    Pg 12 of 12