IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>IDEAL PROPERTY INVESTMENTS LLC.<br><br>Debtor. | CASE NO. 24-01421-FPC11<br><br>MOTION TO AUTHORIZE MERGER OF SUBSIDIARIES PURSUANT TO 11 U.S.C. § 363(b) |

## I. SUMMARY OF RELIEF REQUESTED

Debtor Ideal Property Investments LLC ("Debtor"), by and through its undersigned attorneys, hereby moves the court pursuant to Sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, Rules 2002, 6004, and 9013 of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Washington, for entry of an order approving the merger, in accordance with applicable state law, of the Debtor and any or all of its wholly-owned subsidiaries (each a "Subsidiary" or together the "Subsidiaries"), in the Debtor's business

MOTION TO APPROVE MERGER OF SUBSIDIARIES - 1



A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

24-01421-FPC11    Doc 150    Filed 10/09/24    Entered 10/09/24 17:05:29    Pg 1 of 11

judgment. This Motion also seeks to establish procedures for noticing the mergers to all parties effected thereby and setting a revised claims bar date for creditors of the applicable Subsidiary. This Motion is being served on all known secured creditors of the Subsidiaries, and notice of the Motion is being served on all creditors on the matrix, which includes all known potential unsecured creditors of all Subsidiaries.

The Subsidiaries each hold real estate assets, most of which are subject to first-priority liens related to acquisition loans, as well as second-position liens held by First Fed Bank ("First Fed"), all of which liens would be transferred to the Debtor's estate together with the Subsidiaries' assets, in the same order and priority as such liens have with respect to such assets now. Many of the Subsidiaries are currently subject to state-court receiverships; however, due to their relationships with the Debtor and their locations around the country, the receivership proceedings have proven insufficient to allow for the Subsidiaries' assets to be sold (as title insurers will not insure the transactions). With respect to at least one Subsidiary, a title company has even stated it will not insure a § 363 sale if the Subsidiary is placed into its own bankruptcy, and is requiring instead that the asset be transferred to this Debtor's estate in order for a sale to be insured. The Debtor will merge only those Subsidiaries for which it determines, in its business judgment, that the estate will derive a net benefit from such merger.

## II. JURISDICTION

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper pursuant to 28 U.S.C. § 1408.

MOTION TO APPROVE MERGER OF SUBSIDIARIES - 2

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

The statutory predicates for the relief sought are in sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9013 and Local Rule 9013-1.

### III.  BACKGROUND

Details of the events leading up to the bankruptcy filing by the Debtor are provided in the First Day Declaration (ECF No. 13). To summarize for purposes of this Motion, the Debtor was placed in a state court receivership on May 3, 2024, at the request of creditor First Fed. The Debtor owns at least twenty-one parcels of real property (the "Real Property"), and additional parcels are owned by the Debtor's Subsidiaries. There are currently at least two federal lawsuits and several state lawsuits alleging that the Debtor's former principal, Ryan Wear ("Wear"), engaged in a massive fraud and Ponzi scheme, and further alleging that the Debtor's and its Subsidiaries' real property may have been obtained using, in part, funds involved in the fraud. The Debtor filed this bankruptcy proceeding on September 5, 2024 (the "Petition Date") (ECF No. 1) because the state-court receivership process was insufficient to allow for orderly liquidation of the Debtor's assets.

FACTS RELATED TO THIS MOTION

The Debtor seeks authority to merge wholly-owned Subsidiaries into the Debtor, with the Debtor to assume all assets and liabilities of the merged Subsidiaries, in accordance with applicable state laws. At this time, the Debtor is aware of the following entities as being wholly-owned Subsidiaries of the Debtor:

- 1118 Virginia Street LLC, a Washington limited liability company
- 343 Johnny Clark LLC, a Wyoming limited liability company
- Ideal Murfreesboro LLC, a Wyoming limited liability company



- Ideal Greenleaf LLC, a Wyoming limited liability company

*See* Declaration of Amit Ranade, ¶ 4. The Debtor's investigation into related entities and other potential subsidiaries is ongoing, however, and there may yet be more Subsidiaries discovered at a later date. The Debtor is seeking the Court's authorization to merge with any Subsidiaries when it determines, in its business judgment, that such a merger would be of net benefit to the Debtor's bankruptcy estate, taking into account the value of the Subsidiary's assets, the amount of indebtedness the merger would bring into the estate, and alternative options available to the Subsidiary for liquidation of assets or ongoing operations.

1. *The Mergers Are Necessary to Allow for Liquidation of Real Property*

After the appointment of the receiver in state court (the "Receiver"), the Receiver opened ancillary proceedings in Arizona, Nevada, California, and Florida to facilitate the liquidation of receivership assets located in those states. Ranade Decl., ¶ 5. Those cases were pending when this case was commenced. *Id*.

The properties located in Murfreesboro, Tennessee (owned by Ideal Murfreesboro LLC), and Elk Grove, Illinois (owned by Ideal Greenleaf LLC), were in pending foreclosure proceedings when the Receiver was appointed. Ranade Decl., ¶ 6. To stop the foreclosures and preserve value for creditors, the Receiver caused Ideal Greenleaf LLC and Ideal Murfreesboro LLC to execute assignments for the benefit of creditors, and thereafter initiated receiverships in Snohomish County, WA. *Id*. The Receiver then also opened ancillary receivership proceedings in Illinois and Tennessee, respectively. Those receiverships are all currently pending.

The Receiver's investigation into the Debtor's assets also uncovered at least one avoidable transfer of real property by the Debtor, of the property located at 14925 35th Avenue

MOTION TO APPROVE MERGER OF SUBSIDIARIES - 4



NE in Marysville, WA, along with several other possible avoidable transfers. Ranade Decl., ¶ 7. After the Receiver raised these issues with Debtor's original principal, Ryan Wear, Mr. Wear stipulated to those additional properties being brought into the Debtor's receivership. *See* Ranade Decl., Ex. C.

To facilitate the sale of the properties in the Debtor's receivership, the Receiver negotiated a master listing agreement with NAI Puget Sound Properties (who the Debtor has also engaged in this matter). On May 20, 2024, the Snohomish County Superior Court approved Receiver's employment of NAI. Ranade Decl., ¶ 8. By the time this bankruptcy was filed, the Receiver had four properties under contract for sale, including the Murfreesboro property, for which the Receiver also had state-court approval to close the sale. *Id*., ¶ 10. Unfortunately, the Receiver ran into problems when it came time to actually close sales.

Within the first month of Debtor's receivership, title insurance company First American declined to insure any transaction involving the properties in receivership. Ranade Decl., ¶ 11. By mid-July, Old Republic followed suit. *Id*. Both companies declined coverage out of concerns over pending fraud litigation against Mr. Wear and his companies, including Debtor. *Id*. In particular, the insurers were concerned that the plaintiffs in two federal lawsuits would not be bound by state court receivership sale orders. *Id*. The Receiver was unable to convince them otherwise. *Id*.

In August, Stewart Title agreed to issue policies for the Receiver's sales in Marysville and Arlington. Ranade Decl., ¶ 12. Their title commitment, however, included a special coverage exception for the pending fraud litigation; the buyer would not accept that limitation, and Stewart would not proceed without it. *Id*. The Receiver's final option, Fidelity, had the

MOTION TO APPROVE MERGER OF SUBSIDIARIES - 5



24-01421-FPC11    Doc 150    Filed 10/09/24    Entered 10/09/24 17:05:29    Pg 5 of 11

same concerns as the other insurers. *Id.*, ¶ 13. Fidelity issued a preliminary title commitment for the Murfreesboro sale, but said that they were still evaluating the fraud litigation, specifically a lawsuit in the Southern District of New York by 352 Capital GP LLP. *Id.*, ¶ 14. Like Stewart, Fidelity initially proposed a special coverage exception. *Id*. Again, the buyer said this would kill the deal. *Id*. Although the Receiver attempted to explore a middle ground, Fidelity ultimately changed course when their Chief Legal Officer decided that Fidelity would not insure any sales outside of a single bankruptcy case involving the Debtor's entire portfolio – namely, this case. *Id.*, ¶ 17. Fidelity made clear that even single-asset subsidiary bankruptcy filings would be insufficient. Ranade Decl., Ex. E.

Thus, all four title companies—being, as this Court recently commented, the highest court in the land—have left the Debtor with only one option to liquidate the real properties held by the Debtor's subsidiaries: to merge the Subsidiaries into the Debtor and bring their assets into this estate.

2. *Assets and Obligations Within the Subsidiaries; Process for Merger*

In order to determine whether to merge any particular Subsidiary, the Debtor is examining the value of the Subsidiaries' assets and the obligations owed by the Subsidiaries. With respect to the four Subsidiaries listed above—all those currently known—that information is provided in Exhibits F through K to the Ranade declaration submitted herewith. The Debtor's investigation into this information is ongoing, but at this time the Debtor believes it will benefit this estate to merge the known Subsidiaries into the Debtor. The Debtor intends to execute plans of merger with the Subsidiaries in accordance with state law (as set forth below).

**STATEMENT OF EVIDENCE**

This Motion relies upon the Declaration of Amit Ranade in Support of the Motion, and all pleadings and documents on file in this matter.

**IV. AUTHORITY**

Pursuant to 11 U.S.C. § 363(b)(1), "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …." The Subsidiaries themselves are property of the estate. Merging the Subsidiaries into the Debtor is a use that is outside the ordinary course of business. Courts permit such actions outside the ordinary course of business where the transaction is in the "sound exercise of the debtor's business judgment." *In re Ernst Home Ctr., Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997). "[T]here must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business…. Whether the proffered business justification is sufficient depends on the case. … [T]he bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike." *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988).

Here, the Debtor has articulated a substantial business justification for merging the Subsidiaries, taking on their assets and liabilities into the estate. The Debtor's intention is to submit and confirm a plan in this case through which it will liquidate its real estate assets for the benefit of its creditors. As explained above, the Debtor has no viable means of liquidating the Subsidiaries' assets without bringing those assets into this estate. To the extent any given Subsidiary has assets whose values exceed their liabilities (taking into account the cost of

liquidation and other impacts on the estate), mergers will aid the Debtor in its ultimate goal of maximizing value for creditors.

The contemplated mergers are permissible under applicable state law. All of the Subsidiaries in question here are either Washington or Wyoming LLCs. Both Washington and Wyoming have adopted the Model Limited Liability Company Act, which permits the merger of limited liability companies. Under RCW 25.15.416(1):

> A limited liability company may merge with one or more other constituent organizations pursuant to this section and RCW 25.15.421 through 25.15.431 and a plan of merger, if:
> (a) The governing statute of each of the other organizations authorizes the merger;
> (b) The merger is not prohibited by the law of a jurisdiction that enacted any of those governing statutes; and
> (c) Each of the other organizations complies with its governing statute in effecting the merger.

The same language appears at Wyo. Stat. § 17-29-1002(a), with one additional prerequisite: "No member of a domestic limited liability company that is a party to the merger will, as a result of the merger, become personally liable for the liabilities or obligations of any other person or entity unless that member approves the plan of merger and otherwise consents to becoming personally liable." Wyo. Stat. § 17-29-1002(a)(iv). This statute thus authorizes merger for any of the Subsidiaries into the Debtor, as the governing statutes both permit the merger, the Debtor and Subsidiaries will comply with the governing statutes, and while the Debtor—as a member of the Wyoming Subsidiaries—will become liable for the obligations of the Wyoming Subsidiaries as a result of the merger, the Debtor will consent to such result and approve the applicable plans of merger.

The contemplated mergers thus being permissible under state law, the Debtor seeks authorization to prepare and execute plans of merger consistent with applicable statutes, effectuating mergers with the Subsidiaries. Once a merger is effectuated, the Debtor proposes the following:

1. The Debtor will file a notice in this Court—to be served upon all parties receiving ECF notice in Debtor's case, including the United States Trustee, the committee of unsecured creditors, and all known creditors of the applicable Subsidiary—indicating the date of the merger and identifying all of the assets and liabilities brought into the estate.

2. The Debtor, concurrently with such notice, will upload a proposed order setting a claims bar date for all creditors of such Subsidiary to file proofs of claim, with the bar date set at least 30 days from the date of the proposed order; and

3. The Debtor, concurrently with such notice, will amend its schedules to include the known creditors and assets associated with the Subsidiary's inclusion in its bankruptcy estate.

## **CONCLUSION**

Debtor hereby requests the entry of an order authorizing the Debtor's merger with any Subsidiaries for which the Debtor determines such merger will be beneficial to the estate.

//
//
//
//
//

MOTION TO APPROVE MERGER OF SUBSIDIARIES - 9

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

24-01421-FPC11   Doc 150   Filed 10/09/24   Entered 10/09/24 17:05:29   Pg 9 of 11

DATED this 9th day of October 2024.

                                                      DBS | LAW

By */s/ Dominique R. Scalia*
    Daniel J. Bugbee, WSBA #42412
    Laurie M. Thornton, WSBA # 35030
    Dominique R. Scalia, WSBA #47313
    155 NE 100th Street, Suite 205
    Seattle, WA 98125
    (206) 489-3819
    dbugbee@lawdbs.com
    lthornton@lawdbs.com
    dscalia@lawdbs.com
    *Attorneys for Ideal Property Investments LLC*

MOTION TO APPROVE MERGER OF SUBSIDIARIES - 10



DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

**CERTIFICATE OF SERVICE**

I, Dominique R. Scalia, hereby certify on October 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which, pursuant to Local Rule 5005-1(c)(1), causes parties who are registered ECF participants to be served by electronic means.

Dated this 9th day of October 2024 at Seattle, Washington.

By  */s/ Dominique R. Scalia*
Dominique R. Scalia, WSBA No. 47313

MOTION TO APPROVE MERGER OF SUBSIDIARIES - 11

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

24-01421-FPC11   Doc 150   Filed 10/09/24   Entered 10/09/24 17:05:29   Pg 11 of 11