Amit D. Ranade, WSBA No, 34878
Mallory L. B. Satre, WSBA No. 50194
Snell & Wilmer, LLP
600 University Street, Suite 310
Seattle, WA 98101
Tel: 206.741.1420
Attorneys for Custodian

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

IN RE:

IDEAL PROPERTY INVESTMENTS, LLC

    Debtor.

Case No. 24-01421-11

DECLARATION OF AMIT D. RANADE IN SUPPORT OF MOTION TO AUTHORIZE SUBSIDIARY MERGER

AMIT D. RANADE hereby declares as follows:

1. I am an attorney with the law firm of Snell & Wilmer LLP, counsel for Turning Point Strategic Advisors ("**Receiver**"), the general receiver appointed by the Superior Court of King County, Washington, ("**State Court**") over Ideal Property Investments LLC ("**Debtor**") on May 3, 2024. I am Receiver's lead attorney on this matter. I have personal knowledge of the following facts. I am over the age of 18, and I am otherwise competent to testify to the matters stated herein.

**A.  Receiver's Asset Investigation and Marshaling**

2. The primary asset in Debtor's receivership was a portfolio of real estate across the country. At the outset, First Fed Bank (the petitioning creditor) gave us a list of properties comprising their collateral. Early in the receivership, however, we learned that Debtor owned, directly or indirectly, more than what was on First Fed

DECLARATION OF AMIT D. RANADE - 1

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01421-FPC11   Doc 151   Filed 10/09/24   Entered 10/09/24 17:19:38   Pg 1 of 7

Bank's list. The portfolio included properties in California, Oregon, Nevada, Arizona, Tennessee, Illinois, Texas, Georgia, and Florida.

3. <u>Exhibit A</u>, attached hereto, is a true and correct copy of a spreadsheet prepared by my office to keep track of the properties that we identified as having some connection to Debtor.

4. <u>Exhibit B</u>, attached hereto, is a true and correct copy of a chart prepared by my office that summarizes formation, registration, management, and ownership information for the entities listed on my tracking spreadsheet that we have been able to gather to date. Based on our review of the records we were able to access, Debtor is the sole owner and manager of the following entities:

- 1118 Virginia Street LLC
- 343 Johnny Clark LLC
- Ideal Greenleaf LLC
- Ideal Murfreesboro LLC

Our investigation was not yet complete, and we believe Debtor may have interests in other related entities that are identified on my tracking spreadsheet.

5. After appointment, we opened ancillary proceedings in Arizona, Nevada, California, and Florida to facilitate the liquidation of receivership assets. These ancillary receiverships are pending.

6. The properties in Murfreesboro, Tennessee, and Elk Grove, Illinois, were in pending foreclosure proceedings when Receiver was appointed. Both properties are owned by single-asset subsidiaries of Debtor. To stop the foreclosures and preserve value for creditors, Receiver caused these subsidiaries—Ideal Greenleaf LLC and Ideal Murfreesboro LLC—to execute assignments for the benefit of creditors and thereafter initiate receiverships in Snohomish County. Receiver then opened ancillary receivership proceedings in Illinois and Tennessee, respectively. These receiverships

DECLARATION OF AMIT D. RANADE - 2

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01421-FPC11    Doc 151    Filed 10/09/24    Entered 10/09/24 17:19:38    Pg 2 of 7

are pending.

7. Our investigation also uncovered at least one likely avoidable transfer of real property that previously belonged to Debtor. The property is at 14925 35th Avenue NE in Marysville, and its title is currently held by Ideal Industrial Park LLC. We identified several other possible avoidable transfers. After we raised these issues with Debtor's original principal, Ryan Wear, Mr. Wear stipulated to bringing into Debtor's receivership the additional properties we identified. <u>Exhibit C</u>, attached hereto, is a true and correct copy of a Stipulation and Order to Amend Appointing Order, entered by the State Court on June 13, 2024, adding the properties we identified to Mr. Wear.

**B.     Engagement of Broker and Marketing Efforts**

8. After appointment, we negotiated a master listing agreement with NAI Puget Sound Properties with a favorable commission structure. On May 20, 2024, the Snohomish County Superior Court approved the employment of NAI.

9. NAI immediately began work to list the properties in Debtor's portfolio. NAI's brokers have done a substantial amount of work preparing properties for listing and assisting Receiver in dealing with tenants and occupants as well as site-specific issues to be addressed before listing. For example, Debtor's property in Tualatin, Oregon, contains vehicles and equipment that appear abandoned. Debtor may also want to consider investing some funds to fix up the property to obtain a higher offer. NAI was assisting us with these types of evaluations across Debtor's portfolio.

//
//
//
//
//

DECLARATION OF AMIT D. RANADE - 3

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01421-FPC11    Doc 151    Filed 10/09/24    Entered 10/09/24 17:19:38    Pg 3 of 7

10. On the petition date, we had four properties under contract:

| Title Owner | Address | Price |
|---|---|---|
| Ideal Industrial Park LLC | 14925 35th Avenue NE, Marysville, WA | $8,000,000 |
| Ideal Murfreesboro LLC | 730 Middle Tenn Blvd, Murfreesboro, TN | $3,650,000 |
| Debtor | 530 Opper Street, Escondido CA | $4,750,000 |
| Debtor | 3811 188th Street NE, Arlington, WA | $1,100,000 |

On June 7, 2024, the Snohomish County Superior Court approved the Murfreesboro sale, and we were attempting to obtain title insurance to close that sale. We had not yet filed sale motions for the other three properties because, as detailed below, it became clear that we would not be able to obtain title insurance outside of bankruptcy.

C. **Inability to Obtain Title Insurance Outside of Bankruptcy**

11. Within the first month of Debtor's receivership, First American declined to insure any transaction involving the properties in receivership. By mid-July, Old Republic followed suit. Both companies declined coverage out of concerns over pending fraud litigation against Mr. Wear and his companies, including Debtor. In particular, the insurers were concerned that the plaintiffs in two federal lawsuits would not be bound by state court receivership sale orders. We were unable to convince them otherwise. We then focused on Stewart Title and the Fidelity group of companies.

12. In August, Stewart Title agreed to insure our sales in Marysville and Arlington. Their title commitment, however, included a special coverage exception for the pending fraud litigation. When we presented Stewart's commitment to the buyer's broker, he told us the exception would kill the deal. Stewart, in turn, said it would not proceed without that exception. At that point, we were down to Fidelity as our only possible source of title insurance.

DECLARATION OF AMIT D. RANADE - 4

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01421-FPC11    Doc 151    Filed 10/09/24    Entered 10/09/24 17:19:38    Pg 4 of 7

13. Fidelity had the same concerns as the other insurers. They assigned one of their in-house underwriting counsel, Darnella Ward, to work with me on these sales. Initially, we focused on the sale in Murfreesboro.

14. Fidelity issued a preliminary title commitment a few days after we obtained the Snohomish County sale order, but it was subject to further evaluation of the fraud litigation—specifically a lawsuit in the Southern District of New York filed by 352 Capital GP LLP. Like Stewart, Fidelity initially proposed a special coverage exception. The buyer said their lender would not finance the transaction if the quality of its collateral were subject to that exception.

15. When I asked Ms. Ward what it would take to remove the exception, she identified two things: (i) a release of the buyer and Fidelity executed by 352 Capital; and (ii) an indemnity from the receivership estate.

16. To satisfy Fidelity, I drafted a form of release and requested feedback. Exhibit D, attached hereto, is a true and correct copy of the release. Ms. Ward said my proposed form of release was sufficient. I then reached out to 352 Capital to obtain their signature.

17. Meanwhile, however, Ms. Ward reported that Fidelity's Chief Legal Officer had intervened and decided Fidelity would not insure any sale outside of a single and global bankruptcy case involving Debtor's entire portfolio. She also explicitly confirmed that separate bankruptcy cases for the single-asset subsidiaries would be insufficient to obtain title insurance coverage. Exhibit E, attached hereto, is a true and correct copy of the e-mail exchange in which she states this position.

**D.   Ideal Murfreesboro LLC**

18. Exhibit F, attached hereto, is a true and correct copy of the Assignment for the Benefit of Creditors for Ideal Murfreesboro LLC, including a schedule listing the known assets and creditors of that entity.

DECLARATION OF AMIT D. RANADE - 5

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01421-FPC11    Doc 151    Filed 10/09/24    Entered 10/09/24 17:19:38    Pg 5 of 7

19. <u>Exhibit G</u>, attached hereto, is a true and correct copy of the rent roll for the Murfreesboro property.

20. <u>Exhibit H</u>, attached hereto, is a true and correct copy of the claims register prepared by my office to keep track of the proofs of claim filed in the Murfreesboro receivership.

**E.     Ideal Greenleaf LLC**

21. <u>Exhibit I</u>, attached hereto, is a true and correct copy of the Assignment for the Benefit of Creditors for Ideal Greenleaf LLC, including a schedule listing the known assets and creditors of that entity. To the best of my knowledge, the Greenleaf property has at all relevant times been unoccupied.

22. <u>Exhibit J</u>, attached hereto, is a true and correct copy of the proof of claim filed by First Fed Bank. This is the only proof of claim that was submitted in this case.

**F.     Debtor and Other Subsidiaries and Affiliates**

23. <u>Exhibit K</u>, attached hereto, is a true and correct copy of the Amended Schedules identifying assets and creditors of Debtor and its other subsidiaries and affiliates known to us as of August 5, 2024.

//
//
//
//
//
//
//
//
//
//

DECLARATION OF AMIT D. RANADE - 6

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01421-FPC11    Doc 151    Filed 10/09/24    Entered 10/09/24 17:19:38    Pg 6 of 7

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge.

Dated this 9th day of October, 2024, in Seattle, Washington.

AMIT D. RANADE

4892-9561-7257

DECLARATION OF AMIT D. RANADE - 7

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420