# Exhibit D

# RELEASE AND WAIVER

This Release and Waiver ("**Release**") is made and entered into this \_\_\_\_ day of _____, 2024, by 3|5|2 Capital GP LLC, on behalf of 3|5|2 Capital ABS Master Fund LP (hereinafter "**Claimant**" or "**Releasor**") for the benefit of Fillmore Holdings, LLC (hereinafter "**Buyer**" or "**Releasee**") and Fidelity National Title Insurance Company ("**Title Insurer**"). The aforementioned are collectively referred as the "**Parties**."

This Release is made with reference to, and hereby incorporates, the following facts:

## RECITALS

A. Ideal Murfreesboro, LLC ("**Debtor**") presently owns the real property described in Exhibit A hereto (the "**Property**").

B. Claimant asserts certain claims against Debtor, companies affiliated with Debtor, principals or former principals of Debtor, principals or former principals of companies affiliated with Debtor, and business partners of Debtor or companies affiliated with Debtor (the "**Claims**").

C. On May 16, 2024, the Superior Court of Washington for Snohomish County ("**Washington Court**"), in the case captioned *In re Ideal Murfreesboro, LLC*, Cause No. 24-2-03751-31 ("**Receivership**") entered an order (the "**Receivership Order**"): (i) appointing TurningPointe, LLC, d/b/a Turning Point Strategic Advisors ("**Turning Point**") as a general receiver over all assets of Debtor, (ii) authorizing Turning Point to act as the manager of Debtor, and (iii) empowering Turning Point to do all things necessary to preserve the value of the assets of Debtor for the benefit of creditors.

D. On May 30, 2024, the Chancery Court for Rutherford County, Tennessee, ("**Tennessee Court**") in the case captioned *In re Ideal Murfreesboro, LLC*, Cause No. 24CV-1033, entered an order appointing Turning Point as an ancillary receiver in Tennessee in relation to the Receivership ("**Ancillary Order**")

E. In its capacity as general receiver, Turning Point has entered in to a purchase and sale agreement to sell the Property to Buyer for an agreed price ("**Sale**"). On June 7, 2024, the Washington Court entered an order approving the Sale pursuant to RCW 7.60.260 ("**Sale Order**"). On that same day, the Tennessee Court entered an Order domesticating the Sale Order as an order of the Tennessee Court.

F. Releasor supports the Sale and recognizes that Releasor will benefit from liquidation of the Property because the resulting sale proceeds will be available to pay allowed claims against the Receivership, including Releasor's claims to the extent they are allowed by the Court.

G. To facilitate the Sale, and in consideration of the value Releasor ascribes to the Sale, Releasor is willing to release and waive any current or inchoate interest, claim, or otherwise against the the Buyer and the Property from future claims as set forth below.

## TERMS

1. <u>Acknowledgement</u>. Releasor hereby acknowledges, recognizes, and agrees that Buyer is a *bona fide* purchaser of the Property for value, and Releasor does consent to the sale of the Property to Buyer

2. <u>Release</u>. Releasor hereby releases Buyer and the Property from any claim, interest, or otherwise arising from or related to the Claims, as well as any other disputes, matters, and claims that the Releasor may have against the Property, Title Insurer, Buyer, and Buyer's current or former parent companies, subsidiaries, affiliated companies, divisions, directors, officers, employees, staff, agents, contractors, assigns, affiliates, members, attorneys, administrators, predecessors, and successors and assigns.

3. <u>Reservation of Rights</u>. Notwithstanding the foregoing, this acknowledgment and release is limited solely to Buyernad the property in the context of this Sale. This acknowledgment and release is ineffective as to any other buyer and any other sale,. In the event Turning Point enters into a purchase and sale agreement with Buyer for a different property in the Receivership, Turning Point will need to solicit a separate acknowledgment and release as to that transaction. Further, this acknowledgement and release does not and should not be construed as a release or waiver of any right, interest, or claim Releasor has or may have against Debtor or any affiliate or insider of Debtor, as those terms are defined in 11 U.S.C. §§ 101(2) and 101(31), specifically including Ryan Wear, or against any and all property in the Receivership. Releasor reserves all rights against all other parties, including other creditors in the Receivership.

Dated this _____ day of _____ 2024.

        3|5|2 Capital GP LLC, a Cayman Islands limited liability company, on behalf of 3|5|2 Capital ABS Master Fund LP

By: _____
Name:
Title:

[INSERT AND EXECUTE NOTARY BLOCK]

EXHIBIT A

Legal Description

[See Attached.]

4889-8332-0295