# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>IDEAL PROPERTY INVESTMENTS LLC,<br><br>Debtor. | CASE NO. 24-01421-FPC11<br><br>ORDER AUTHORIZING (I) SALE OF DEBTOR'S REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO 11 U.S.C. §363(f), ASSIGNMENT OF LEASES PURSUANT TO §365; AND DISBURSEMENT OF PROCEEDS<br><br>(ESCONDIDO) |

THIS MATTER having come before the court on Debtor's Motion for Order Authorizing Sale of Real Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests Pursuant to 11 U.S.C. § 363(f); Assumption and Assignment of Leases Pursuant to §365 and Disbursement of Proceeds and Use of Disputed Cash Collateral (the "Sale Motion") (ECF No. 79), filed by Ideal Property Investments LLC ("IPI" or the "Debtor"). The Sale Motion requests authority to sell the certain real property identified in the Motion free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f) as follows: 530 Opper Street,

ORDER APPROVING MOTION TO SELL REAL PROPERTY - 1

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

24-01421-FPC11    Doc 173    Filed 10/11/24    Entered 10/11/24 14:28:59    Pg 1 of 10

Escondido, California (the "Property"), also legally described as:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF ESCONDIDO IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:
> LOTS 3 AND 4 IN ESCONDIDO TRACT NO. 151, IN THE CITY OF ESCONDIDO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 6396, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JUNE 17, 1969. APN: 228-420-35-00

(the "Escondido Property").

The proposed purchaser of the Escondido Property is Chris Loughridge, Trustee of the Chris Loughridge Trust dated November 27, 2001, as to an 85 percent undivided interest, and Brent Jordan Bohlken, Trustee of the Brent Jordan Bohlken Living Trust dated May 23, 2022, as to a 15 percent undivided interest, together as tenants in common (the "Purchaser"). The Sale Motion further seeks to assume and assign leases (the "Leases") related to the Escondido Property with the following tenants: Sound-Crete Contractors, Inc., a California Corporation; and Progressive Design Playgrounds, a California Corporation (collectively, the "Tenants"). The Sale Motion also seeks authority to use and disburse the proceeds of the sales of the Escondido Property.

The Sale Motion was made pursuant to 11 U.S.C. §§ 361, 363(c), 363(e), 363(f), and 365, Fed. R. Bankr. P. 2002, 2014, 6004, 9013 and 9014 (any related local rules). The Court considered the Sale Motion, the supporting Declaration of Joseph P. Fanelli with exhibits (the "Fanelli Declaration"), the response, if any, filed by other parties in the case, and the representations of counsel. Based on the foregoing, the Court hereby

FINDS and DETERMINES that:

A. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue

ORDER APPROVING MOTION TO SELL REAL PROPERTY - 2

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

24-01421-FPC11    Doc 173    Filed 10/11/24    Entered 10/11/24 14:28:59    Pg 2 of 10

is proper under 28 U.S.C. §§ 1408 and 1409.

B.  As evidenced by the Certificates of Service filed on September 25, 2024, and September 26, 2024 (ECF Nos. 88 and 89), the Debtor provided proper, timely, adequate and sufficient notice of the Sale Motion and hearing in accordance with 11 U.S.C. §§ 102(l), 363, and 365, Fed. R. Bankr. P. 2002, 6004, 9013 and 9014, and Local Bankruptcy Rule 2002-1.

C.  The Debtor has demonstrated a sufficient basis and the existence of exigent circumstances requiring it to sell and/or assume and assign the Leases under Section 363 and 365 of the United States Bankruptcy Code 11 U.S.C. §§ 101 et seq. as amended (the "Bankruptcy Code"), and such actions are appropriate exercises of the Debtor's business judgment. Approval of the Sale Motion and of the Standard Offer, Agreement and Escrow Instructions for Purchase of Real Estate attached as Exhibit A to the Fanelli Declaration, as modified by the addenda attached as Exhibit B to the Fanelli Declaration (Exhibits A and B to the Fanelli Declaration being collectively the "PSA") entered into by and between the Debtor and Purchaser, and the consummation of the transactions contemplated thereby, are in the best interests of the Debtor, its creditors, and its estate.

D.  As set forth in the Fanelli Declaration, the Debtor has marketed the Escondido Property and conducted the sale processes in a non-collusive, fair, and good faith manner.

E.  Approval of the sale of the Escondido Property and consummation of the sale of the Escondido Property at this time is in the best interests of the Debtor, its creditors, the bankruptcy estate and other parties in interest.

F.  The Debtor may sell the Escondido Property free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(3), (5) has been satisfied. Those non-debtor

parties with interests in the Debtor's assets who did not object, or who withdrew their objections, to the sale or the Sale Motion are deemed to have consented pursuant to 11 U.S.C. §§ 363(f)(2) and 365.

G. Specifically, with regard to senior secured lender Socotra (as defined in the Motion), it has consented to the sale pursuant to 11 U.S.C. §§ 363(f)(2), subject to a finding that its debt is oversecured, fully cross-collateralized, and its receipt of $3.9M of the proceeds paid at closing directly from escrow with the balance of its debt remaining secured as a first position deed of trust on the Hayward Property (as defined in the Motion).

H. With respect to First Fed (as defined in the Motion), the Debtor has met the standard provided for in § 363(f)(5) as there are legal and equitable proceedings in Washington that could compel a junior lienholder to accept a money satisfaction of such interest. RCW 61.24.080, RCW 7.60.260. First Fed is adequately protected by having its interest attach to the cash proceeds of the sale ultimately attributable to the Escondido Property in which it claims an interest.

I. Those non-debtor parties with interests in the Debtor's assets who did object fall within one or more of the other subsections of 11 U.S.C. §§ 363(f) and 365 and are adequately protected by having their interests, if any, attach to the cash proceeds of the sale ultimately attributable to the property against or in which they claim an interest.

J. The agreement for the sale of the Escondido Property was negotiated, proposed, and entered into by Debtor and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the agreements or the sales to be avoided under 11 U.S.C. § 363(n).

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205  Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

K. The Purchaser is acting, with respect to the agreements and this Order, as good faith purchasers as that term is used in the Bankruptcy Code and the Purchaser(s) is/are entitled to the protections set forth in 11 U.S.C. § 363(m).

L. The Purchaser is not an "insider" of the Debtor as that term is defined in 11 U.S.C. § 101.

M. The consideration provided by the Purchaser for the Escondido Property (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Escondido Property, (iii) will likely provide a greater recovery for Debtor's creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration for the Escondido Property.

N. The transfer of the Escondido Property to Purchaser will be a legal, valid, and effective transfer of the Escondido Property, authorized pursuant to the Bankruptcy Code, and will vest Purchaser with all right, title, and interest of Debtor in the Escondido Property free and clear, to the fullest extent permitted under the Bankruptcy Code or other applicable law, of all liens, claims, interests, and encumbrances, including but not limited to claims otherwise arising under doctrines of successor or vicarious liability.

O. Upon entry of this Order, Debtor may sell the Escondido Property free and clear of all liens, claims, interests, and encumbrances because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(3), (5) has been satisfied, including that, as provided herein, any remaining disputed liens shall attach to the proceeds of the sale the Escondido Property in the same order of priority with the same validity, force, and effect as existed prior to such sale. The holders of liens, claims, interests, or encumbrances who did not object, or who withdrew their objection, to the sales are deemed to have consented pursuant to 11 U.S.C. §

ORDER APPROVING MOTION TO SELL REAL PROPERTY - 5

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

24-01421-FPC11    Doc 173    Filed 10/11/24    Entered 10/11/24 14:28:59    Pg 5 of 10

363(f)(2). Those holders of liens, claims, interests or encumbrances who did object fall within one or more of the other subsections of 11 U.SC. § 363(f)(1)-(3), (5).

P. Debtor may pay all costs of closing the Escondido Property, including taxes, fees, utilities, commissions, and customary real estate closing costs as reflected in the draft settlement statement attached to the Fanelli Declaration. Socotra will be paid $3,900,000 as partial payoff of its debt with the remaining amount of its debt to be secured by whatever liens may existed as of the Petition Date, in the same validity, perfection, and priority as such liens existed as of the Petition Date, and such liens (to the extent they exist). Notwithstanding anything to the foregoing in this Order, nothing in this Order is a determination of validity, perfection, or priority of any liens that may exist in favor of Socotra, and any and all rights to object to or challenge Socotra's liens is preserved.

Q. The Debtor may assume the Leases identified in the PSA and assign each of them to Purchaser pursuant to Sections 363 and 365 of the Bankruptcy Code and this Order notwithstanding any anti-assignment clause or other provision in the Leases granting rights or privileges personal to the Debtor or otherwise tending to limit Purchaser's use, enjoyment, or benefit of the full panoply of rights and privileges under such Leases, as provided by Section 365(f) of the Bankruptcy Code. The assumption and assignment of the Leases is in the best interest of the Debtor and its estate, creditors, and other parties in interest, representing the reasonable exercise of sound and prudent business judgment by the Debtor. Purchaser and the Debtor have provided evidence of adequate assurance of future performance by Purchaser under each of the Leases to the non-debtor counterparties. The Debtor is assuming and assigning only the Leases at this time and the Debtor retains the right to assume or reject any executory contract or unexpired lease to which it is a party in addition to the Leases. The Debtor (i) has cured, or

ORDER APPROVING MOTION TO SELL REAL PROPERTY - 6

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

24-01421-FPC11    Doc 173    Filed 10/11/24    Entered 10/11/24 14:28:59    Pg 6 of 10

has provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Leases within the meaning of 11 U.S.C. § 365(b)(1)(A), and (ii) has provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Leases, within the meaning of 11 U.S.C. §365(b)(1)(B).

NOW, THEREFORE, it is hereby ORDERED that:

1. The Sale Motion is GRANTED.

2. Debtor is authorized to sell the Escondido Property to Purchaser on the terms described in the Sale Motion and the Fanelli Declaration.

3. All objections to the Sale Motion, if any, that have not been withdrawn, waived, or settled, are hereby overruled on the merits.

4. The purchase agreement for the sale of the Escondido Property attached as Exhibits A and B to the Fanelli Declaration is APPROVED.

5. Pursuant to 11 U.S.C. § 363(f), the transfer of the Escondido Property to the Purchaser constitutes a legal, valid, and effective transfer of the Escondido Property, and shall vest Purchaser with all right, title, and interest of Debtor in and to the Escondido Property free and clear of all liens, claims, interests, and encumbrances of any kind or nature whatsoever. All liens, claims, interests, and encumbrances that existed prior to the sale closing shall attach to the proceeds of the sale in the order of their priority, with the same validity, force, and effect that existed prior to the sale.

6. This Order shall be binding upon and shall govern the acts of all entities, including without limitation, all filing agents, filing officers, title agents, title companies, administrative agencies, governmental departments, secretaries of state, federal, state, and local

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Escondido Property purchased pursuant to this Order. Each and every federal, state, and local governmental agency or department is hereby directed to accept for filing and/or recording any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

7. The purchase agreement attached as Exhibits A and B to the Fanelli Declaration and any related documents may be modified, amended, or supplemented in a writing signed by the parties thereto, and in accordance with the terms thereof, without notice to or order from this Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the bankruptcy estate.

8. As provided in Fed. R. Bankr. P. 6004(h) and notwithstanding Fed. R. Bankr. P. 7062, this Order shall be effective and enforceable immediately upon entry. Time is of the essence in closing the sales of the Escondido Property and Debtor intends to close these sales as soon as possible. Therefore, the stay provided for under Fed. R. Bankr. P. 6004(h) or 7062 shall not apply.

9. The Debtor will distribute $3,900,000.00 at closing directly from escrow in partial satisfaction of Socotra's claim with the balance attaching to its lien on the Hayward Property as adequate protection for Socotra pursuant to 11 U.SC. § 363.

10. With respect to the Socotra distribution approved herein, any and all objections and challenges to such distribution, including without limitation, with respect to the validity,

ORDER APPROVING MOTION TO SELL REAL PROPERTY - 8

amount, or priority of its claimed security interest with respect to such distribution, or the right to claw-back the same, are hereby preserved, notwithstanding 11 U.S.C. §549.

11. The lien of First Fed will attach to net sale proceeds received by the bankruptcy estate subject to any cash collateral order(s) entered by this Court.

12. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation and interpretation of this Order.

/// END OF ORDER ///

Presented by:

DBS LAW

By /s/ Dominique R. Scalia
Daniel J. Bugbee, WSBA No. 42412
Dominique R. Scalia, WSBA No. 47313
155 NE 100th Street, Suite 205
Seattle, WA 98125
*Attorneys for Debtor*

Approved as to form; notice of presentation waived:

Lane Powell


/s/ Gregory Fox (via email authority)
Gregory Fox, WSBA No. 30559
Attorneys for First Federal Bank


Buchalter


/s/ Adam Doupe (via email authority)
Adam Doupe, WSBA No. 55483
Attorneys for Socotra REIT I, LLC

ORDER APPROVING MOTION TO SELL REAL PROPERTY - 9

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

24-01421-FPC11    Doc 173    Filed 10/11/24    Entered 10/11/24 14:28:59    Pg 9 of 10

| | |
|---|---|
| 1 | K&L Gates |
| 2 | |
| 3 | */s/ John Bender (via email authority)*<br>John Bender, WSBA No. 49658 |
| 4 | Proposed Attorneys for Official Committee of Unsecured Creditors |
| 5 | |
| 6 | LASHER HOLZAPFEL<br>SPERRY & EBBERSON PLLC |
| 7 | |
| 8 | */s/ Sean V. Small (via email authority)*<br>Sean V. Small, WSBA #37018 |
| 9 | Paul J. Spadafora, WSBA #49777 |
| 10 | Julie M. Pendleton, WSBA #52882<br>Attorneys for Creditor 3\|5\|2 CAPITAL GP LLC, |
| 11 | on behalf of 3\|5\|2 CAPITAL ABS MASTER FUND, LP |
| 12 | |
| 13 | HERBERT SMITH FREEHILLS<br>NEW YORK LLP |
| 14 | |
| 15 | */s/ Peter J. Behmke (via email authority)*<br>Scott S. Balber (PHV pending) |
| 16 | Peter J. Behmke (PHV pending)<br>Michael P. Jones (PHV pending) |
| 17 | Attorneys for Creditor 3\|5\|2 CAPITAL GP LLC,<br>on behalf of 3\|5\|2 CAPITAL ABS MASTER FUND, LP |

ORDER APPROVING MOTION TO SELL REAL PROPERTY - 10

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

24-01421-FPC11   Doc 173   Filed 10/11/24   Entered 10/11/24 14:28:59   Pg 10 of 10