So Ordered.

Dated: October 16th, 2024

Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>IDEAL PROPERTY INVESTMENTS LLC,<br><br>Debtor. | CASE NO. 24-01421-FPC11<br><br>INTERIM ORDER AUTHORIZING DEBTOR TO INCUR POSTPETITION SECURED DEBT TO FINANCE INSURANCE PREMIUMS |

THIS MATTER having come on hearing on the emergency motion of debtor-in-possession for entry of an order authorizing Debtor to incur postpetition secured debt from IPFS Corporation ("IPFS") to finance the insurance premiums for Debtor's real properties pursuant to 11 U.S.C. § 364 (the "Motion"), the court being fully advised in the premises, and having overruled any objections received:

IT IS HEREBY ORDERED THAT

1. The Motion is granted on an interim basis.

2. The Debtor is authorized on an interim basis to (i) enter into, and pay all sums due under, the Agreement and (ii) grant IPFS a security interest in all unearned Insurance Premiums which may become payable under the Debtors' insurance policies identified in the Agreement (the "Insurance

INTERIM ORDER APPROVING INSURANCE
FINANCE AGREEMENT - 1

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

24-01421-FPC11    Doc 189    Filed 10/16/24    Entered 10/16/24 15:21:14    Pg 1 of 3

Policies") and loss payments which reduce the unearned Insurance Premiums subject to any mortgagee or loss payee interests, as described in the Agreement.

3. In the event that the Debtor defaults upon any of the terms of the Agreement or in the event the Motion is not approved on a final basis, the automatic stay provisions of 11 U.S.C. § 362 (the "Automatic Stay") shall be modified solely to the extent necessary to permit IPFS and its assignee to exercise such rights (and solely with respect to the Insurance Policies) as it may otherwise have under applicable state law, notwithstanding the pendency of these cases, and without prejudice to the Debtor's rights under such state law, and, without the necessity of further application to this Court, to cancel the Insurance Policies financed under the Agreement, after giving any notice to the Debtors as required by applicable state law.

4. In the event of a default by the Debtor under the Agreement and as described in the immediately preceding paragraph, IPFS or its assignee may receive and apply all unearned premiums returned to the Debtor upon cancellation of the Insurance Policies to any amounts owing by the Debtor to IPFS, without further order of this Court.

5. In the event that, upon cancellation of the Insurance Policies financed by IPFS as a result of a default by the Debtor, the unearned premiums received by IPFS are insufficient to pay the Debtor's total amount due to IPFS, any remaining amount owing to IPFS shall be given administrative expense priority under 11 U.S.C. § 503 in any distribution of assets pursuant to the Debtor's plan of reorganization.

6. The Debtor is authorized to execute and deliver such documents and amendments to the Agreement as the Debtors deem necessary or desirable in order to carry out this Order.

7. That reversal or modification on appeal of the authorization under this Interim Order

INTERIM ORDER APPROVING INSURANCE
FINANCE AGREEMENT - 2

DBS | LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205   Seattle, WA 98125
p: 206.489.3802 | f: 206.973.8737

24-01421-FPC11    Doc 189    Filed 10/16/24    Entered 10/16/24 15:21:14    Pg 2 of 3

and 11 U.S.C. § 364 shall not affect the validity of the debt or lien granted to IPFS pursuant to the Agreement and consistent with this Order, as provided by section 364(e).

8. IPFS's rights pursuant to the Agreement and applicable state law shall be preserved and protected and shall not be impaired by the pendency of the chapter 11 cases, the conversion of these chapter 11 cases to chapter 7, or the appointment of a trustee.

9. Debtor will make best efforts to add real property secured lenders as additional insureds/loss payees on the Insurance Policies and if such efforts are impractical, shall provide notice to any secured lender of any notice of cancellation received.

10. Any objection to the relief requested in the Motion on a final basis must be filed and served on all parties receiving ECF notice no later than November 5, 2024, with any reply due by November 8, 2024.

11. If an objection is timely filed and served in accordance with this Interim Order, a hearing to consider the relief requested in the Motion, on a final basis, shall be held on November 12, 2024, at 10:30 a.m. via Zoom (the "Final Hearing").

12. If no objections are timely filed and served in accordance with this Interim Order, the Debtor may present for the Court's consideration a proposed order approving the Motion on a final basis prior to the Final Hearing.

/// END OF ORDER ///

Presented by:

DBS LAW

By /s/ Daniel J. Bugbee
Daniel J. Bugbee, WSBA #42412
*Attorneys for Debtor*

INTERIM ORDER APPROVING INSURANCE FINANCE AGREEMENT - 3

DBS|LAW
A Professional Limited Liability Company
155 NE 100th Street, Suite 205  Seattle, WA 98125
p: 206.489.3802  |  f: 206.973.8737

24-01421-FPC11    Doc 189    Filed 10/16/24    Entered 10/16/24 15:21:14    Pg 3 of 3