**In re Ideal Property Investments, LLC**

**Case No. 24-1421-FPC11**

**General Notes and Statement of Limitations, Methodology and Disclaimers Regarding Debtor's Schedules of Assets and Statement of Financial Affairs**

The Debtor has previously filed a portion of its Schedules of Assets, and files herewith amendments to Schedules A/B and D, an Amended list of Top 20 Unsecured Creditors and also files, pursuant to 11 U.S.C. § 521(a) and LBR- 3016-1(b) its profit and loss statement of income as of the petition date as well as a balance sheet, and its Statement of Financial Affairs (SOFA).

The Schedules and SOFA have been prepared by the current management of the Debtor, with the help of its professionals and advisors. While reasonable efforts were made to provide complete responses to the Schedules and SOFA, based on the information available, the Schedules and SOFA were sourced from the books and records maintained by the prior management of the Debtor. That information has been supplemented, as available, by the Debtor's pre-petition receiver, TurningPointe LLC d/b/a Turning Point Strategic Advisors, which was appointed as general receiver over the Debtor on May 3, 2024. Neither the Receiver nor the Debtor's current management have firsthand knowledge of the accuracy or source of some of the financial information included in the Debtor's books and records. For example, the Debtor used QuickBooks pre-receivership, and QuickBooks was the source of the Debtor's profit and loss statement and its balance sheet, but it is unclear how accurate the reporting in QuickBooks is (some specific instances are addressed below) or when it was last updated prior to the Receiver's appointment. Therefore, subsequent investigation or discovery may result in material changes and amendment(s) to the Schedules and SOFA, and inadvertent errors or omissions may exist.

The Debtor reserves the right, but not the obligation, to amend, modify, or supplement the Schedules and SOFA from time to time, in all respects, as may be necessary or appropriate, including but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules or SOFA as to amount, liability, classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Furthermore, nothing in the Schedules or SOFA is an admission of any claims or waiver with respect to any of the Debtor's rights or claims with respect to this Chapter 11 case, including with respect to any issues involving causes of

action arising under the provisions of chapter 5 of the Bankruptcy Code, and/or any other relevant non-bankruptcy law to recover assets or avoid transfers.

**Notes as to Specific Items**:

As to the Debtor's <u>Profit and Loss Statement</u>: the Debtor's QuickBooks was set for "memory transactions" as to monthly rental obligations for the various Creative Technologies, Refreshing USA and Water Station-related entities that were lessees in the Debtor's real properties. The Debtor's QuickBooks treated these "memory transactions" as income and booked them as income every month. However, from the Debtor's banking records, which are available for production upon proper request, there is no evidence that any rents from these tenants was ever collected. The Debtor's current information as to rental income actually coming in is presented in the rent roll attached to the Camm First Day Declaration (ECF No. 13) and in the budgets submitted with the Debtor's materials to interim use of Cash Collateral (see ECF Nos. 46, 55,110 and 168).

As to the Debtor's <u>Balance Sheet</u>: the balance sheet as maintained in QuickBooks reflects (a) properties that reflect non-Debtor entities on title and which were never held in the Debtor's name; and (b) some properties that were held by the Debtor but which were transferred pre-petition and not removed from the Balance Sheet. Based on current management's review and investigation, the current list of properties held by the Debtor or in which the Debtor has an interest are listed on the Amended Schedule A/B filed herewith. Properties that were transferred pre-petition, as identified to date, are listed in response to SOFA Question No. 13.

<u>SOFA Question No. 1</u>:

The Gross Revenue numbers provided in response to Question No. 1 are derived from the Debtor's QuickBooks and include the "memory transactions" that booked rental income as revenue when funds may not have actually been received by the Debtor.

<u>SOFA Question No. 4</u>:

The Debtor's books and records located to date indicate no payments or transfers that can be identified as going to insiders of the Debtor.

SOFA Question No. 5:

No foreclosures of property held in the Debtor's name in the year before the Petition Date have been identified. There was a foreclosure of the property held by related-entity Ideal Bells Ferry LLC, as to real property located in 121-131 Bells Ferry Road, Marietta GA, was completed in March 2024. It is unknown at this time whether the Debtor has or had an interest in Ideal Bells Ferry LLC. There was a foreclosure of the property held by related-entity 8825 LLC, as to real property located at 8825 S. 228th Street, Kent, WA, that was completed in July 2024. It is unknown at this time whether the Debtor has or had an interest in 8825 LLC, its members are/were Ryan Wear and Richard Wear.

SOFA Question No. 10:

Property losses that were submitted to the Debtor's insurance carrier were identified from loss reports. Other damage or losses that were not submitted for insurance reimbursement may exist.

SOFA Question No. 13:

As to transfers for security purposes, the Debtor issued numerous Deeds of Trust on its properties over the years. See Schedule D for a list of secured creditors.

The transfer of property identified in response to Question No. 13 are the transfers of property held in the Debtor's name as of the time of transfer which have been determined at this time. Other transfers by related-entities may have occurred or be identified later.

SOFA Question No. 18:

Single copies of a bank statement from these accounts from February 2024 were located in the Debtor's records. It is believed the accounts are not active and/or have been closed. Neither were used regularly in the Debtor's operations from what can be ascertained in the Debtor's other books and records. Investigation into these accounts continues.

SOFA Question No. 26d:

No records related to financial statements being presented have been located in the Debtor's books and records. However, the Debtor presumes that the secured lenders

identified on its Schedule D received some kind of statement from the Debtor as part of their lending due diligence.

<u>SOFA Question No. 30:</u>

The Debtor's books and records located to date indicate no payments or transfers that can be identified as going to insiders of the Debtor.

| Fill in this information to identify the case: |
| --- |

Debtor name    Ideal Property Investments LLC

United States Bankruptcy Court for the:    EASTERN DISTRICT OF WASHINGTON

Case number (if known)    24-1421

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1:   Income

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- |
| From the beginning of the fiscal year to filing date:<br>From 01/01/2024 to Filing Date | ☒ Operating a business<br>☐ Other | $1,160,611.43 |
| For prior year:<br>From 01/01/2023 to 12/31/2023 | ☒ Operating a business<br>☐ Other | $1,579,451.54 |
| For year before that:<br>From 01/01/2022 to 12/31/2022 | ☒ Operating a business<br>☐ Other | $3,027,162.21 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☒ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- |

### Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

24-01421-FPC11    Doc 198    Filed 10/18/24    Entered 10/18/24 16:08:22    Pg 5 of 15

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1. Turning Point | 6/21/24 | $45,438.18 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other___ |
| 3.2. Snell & Wilmer | 7/2/2024 | $125,493.48 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other___ |
| 3.3. Turning Point | 7/30/24 | $21,229.68 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other___ |
| 3.4. Snell & Wilmer | 8/1/2024 | $71,113.95 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other___ |
| 3.5. DBS Law | 8/5/2024 | $10,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other___ |
| 3.6. Holland & Knight | 8/27/24 | $40,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other___ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. None have been identified | | $0.00 | |

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

24-01421-FPC11    Doc 198    Filed 10/18/24    Entered 10/18/24 16:08:22    Pg 6 of 15

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|
| None have been identified | | | $0.00 |

☐ None

## 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

## Part 3:   Legal Actions or Assignments

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | First Fed Bank v. Ideal Property Investments LLC<br>24-2-08418-5SEA | Receivership | King County Superior Court<br>516 Third Avenue<br>Seattle, WA 98104 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | TurningPointe LLC v. Ideal Property Investments LLC<br>CV2024-014250 | Ancillary/Receivership | Maricopa County Superior Court<br>201 W. Jefferson Street<br>Phoenix, AZ 85003 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.3. | TurningPointe LLC v. Ideal Property Investments, LLC<br>A-24-8948-30-C | Ancillary/Reciever | Clark County Superior Court<br>201 E. Clark Avenue<br>Las Vegas, NV 89101 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4. | TurningPointe LLC v. Mortgage Lender Services, Inc.<br>37-2024-00021415-CU-OR-CTL | Ancillary/Receiver | San Diego County Superior Court<br>325 South Melrose Drive<br>Vista, CA 92081 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.5. | Sadek, et al v. Ryan R. Wear, et al<br>29D04-2402-CC-001521 | Civil | Hamilton County Superior Court<br>1 Hamilton County Square, Suite 313<br>Noblesville, IN 46060 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.6. | 352 Capital GP, LLC v. Ryan Wear, et al<br>1:24-cv-05102 | Civil | U.S. District Court for the Southern District of New York<br>500 Pearl Street<br>New York, NY 10007 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.7. | In re: Ideal Murfreesboro LLC<br>24-2-03751-31 | Ancillary/Receiver | Snohomish County Superior Court<br>3000 Rockefeller Ave<br>Everett, WA 98201 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com — Best Case Bankruptcy

24-01421-FPC11    Doc 198    Filed 10/18/24    Entered 10/18/24 16:08:22    Pg 7 of 15

| Case title / Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.8. In re: Ideal Murfreesboro, LLC 24CV-1033 | Ancillary/Receiver | Rutherford County Chancery Court, 16th Judicial Dist. 116 W. Lytle Street Murfreesboro, TN 37130 | ☒ Pending ☐ On appeal ☐ Concluded |
| 7.9. In re: Ideal Greenleaf, LLC 24-2-04013-31 | Ancillary/Receiver | Snohomish County Superior Court 3000 Rockefeller Ave Everett, WA 98201 | ☒ Pending ☐ On appeal ☐ Concluded |
| 7.10. Avatar REIT I, LLC v. Ideal Greenleaf LLC, et al. 2024CH03403 | Civil | Cook County Circuit Court, Chancery Division 50 W. Washington Street, #80 Chicago, IL 60602 | ☒ Pending ☐ On appeal ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☐ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|
| Turning Point Strategic Advisors 2003 Western Avenue, Suite 660 Seattle, WA 98121 | All Debtor's assets, and related entity assets | $81,291,808.00 |

| Case title | Court name and address |
|---|---|
| First Fed Bank v. Ideal Property Invest. | King County Superior Court 516 Third Avenue Seattle, WA 98104 |
| **Case number** 24-2-08418-5 SEA | |
| **Date of order or assignment** May 3, 2024 | |

---

**Part 4:   Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:   Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss  If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|
| Las Vegas property was shot at and damaged, claim made on insurance for repairs. | $8604 | 02/06/2023 | $0.00 |

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|
| Dallas property had water pipe burst underground, building was damaged. Repairs were made, insurance denied claim as cause of pipe burst could not be determined. | $0 | 02/16/23 | Unknown |

## Part 6:   Certain Payments or Transfers

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | DBS Law<br>155 NE 100th Street, Suite 205<br>Seattle, WA 98125 | | 08/05/2024 | $10,000.00 |
| | **Email or website address** | | | |
| | | | | |
| | **Who made the payment, if not debtor?**<br>Receiver | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| | Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | Aura Building LLC<br>1380 Amberwood Dr<br>Crystal Lake, IL 60014 | Real property at 1000 Nicholas Blvd, Elk Grove Village IL, 60007 | 01/03/2023 | Unknown |
| | **Relationship to debtor**<br>unknown | | | |

24-01421-FPC11     Doc 198     Filed 10/18/24     Entered 10/18/24 16:08:22     Pg 9 of 15

| | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.2. | Crawford Partners LLP P.O. Box 2955 | | | |
| | Carefree, AZ 85377 | Real property located at 875 W. Amador, Las Cruces NM, 88005 | 03/08/2024 | Unknown |
| | **Relationship to debtor** unknown | | | |
| 13.3. | Ewell Road Investment Associates LLC 222 Central Park Ave, Suite 1500 Virginia Beach, VA 23462 | Real property located at 315 Ewell Rd, Williamsburg VA 23188 | 03/06/2024 | Unknown |
| | **Relationship to debtor** unknown | | | |
| 13.4. | Crouch House Development LLC 3495 Lamar Avenue Memphis, TN 38118 | Real property located at 3495 Lamar, Memphis TN | 12/15/2023 | $2,400,000.00 |
| | **Relationship to debtor** unknown | | | |

**Part 7:**   Previous Locations

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:**   Health Care Bankruptcies

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒   No. Go to Part 9.
☐   Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:**   Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☒   No.
☐   Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒   No. Go to Part 10.
☐   Yes. Does the debtor serve as plan administrator?

**Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Sound Credit Union P.O. Box 1595 Tacoma, WA 98401 | **XXXX**-5382 | ☒ Checking ☐ Savings ☐ Money Market ☐ Brokerage ☐ Other___ | February 2024 | $0.00 |
| 18.2. | United Business Bank 500 Ygnacio Valley Road, Suite 130 Walnut Creek, CA 94596 | **XXXX**-9470 | ☒ Checking ☐ Savings ☐ Money Market ☐ Brokerage ☐ Other___ | February 2024 | $3,970.00 |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☐ None

| Owner's name and address | Location of the property | Describe the property | Value |
|---|---|---|---|
| Creative Technologies LLC Refreshing USA LLC Water Station Management LLC 2732 Grand Avenue Everett, WA 98201 | Many of Debtor's properties had leases with   Creative, Refreshing or Water Station and there are supplies and equipment on site on Debtor's premises. See Camm Decl. at ECF 13, Ex. B. | vending machines, supplies, office equipment | Unknown |

24-01421-FPC11    Doc 198    Filed 10/18/24    Entered 10/18/24 16:08:22    Pg 11 of 15

## Part 12:    Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒  No.
☐  Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23.  **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒  No.
☐  Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24.  **Has the debtor notified any governmental unit of any release of hazardous material?**

☒  No.
☐  Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

## Part 13:    Details About the Debtor's Business or Connections to Any Business

25.  **Other businesses in which the debtor has or has had an interest**
     List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
     Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|
| 25.1.  1118 Virgina Street LLC 2732 Grand Avenue, Suite 122 Everett, WA 98201 | Real property holding company | **EIN:** **From-To**   11/6/2020 to present |
| 25.2.  343 Johnny Clark LLC 2732 Grand Avenue2732 Grand Avenue, Suite 122 Everett, WA 98201 | Real property holding company | **EIN:** **From-To**   05/20/2020 to present |
| 25.3.  Ideal Murfreesboro, LLC 2732 Grand Avenue, Suite 122 Everett, WA 98201 | Real property holding company | **EIN:** **From-To**   02/23/2022 to present |

24-01421-FPC11    Doc 198    Filed 10/18/24    Entered 10/18/24 16:08:22    Pg 12 of 15

| 25.4. | ideal Greenleaf LLC<br>2732 Grand Avenue, Suite 122<br>Everett, WA 98201 | Real property holding company | EIN:<br><br>From-To   12/16/2022 to present |
|---|---|---|---|

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1.   Jeremy Briggs<br>8100 242nd Street SW, Unit A<br>Edmonds, WA 98026 | 06/2021 to 08/2024 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26b.1.   Unknown | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are<br>unavailable, explain why |
|---|---|
| 26c.1.   Jeremy Briggs<br>2732 Grand Avenue, Suite 122<br>98201 | |
| 26c.2.   Turning Point Strategic Advisors<br>2003 Western Avenue, Suite 660<br>Seattle, WA 98121 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.   See Schedule D |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No<br>
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the<br>inventory | Date of inventory | The dollar amount and basis (cost, market,<br>or other basis) of each inventory |
|---|---|---|

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

24-01421-FPC11    Doc 198    Filed 10/18/24    Entered 10/18/24 16:08:22    Pg 13 of 15

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| Ryan Wear | | Dissociated Member/Former Manager | 90 |

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| Richard Wear | | Member | 10 |

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| Tyler Sadek | | Member by assignment | 90 |

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| Eric J. Camm | | Manager | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|--------------------------------------------------|
| See previous | | | |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|-------------------------------|------------------------------------------------------|-------|-------------------------------|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|--------------------------------|----------------------------------------------------------|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|--------------------------|----------------------------------------------------|

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    October 18, 2024

/s/ Joseph P. Fanelli                                              Joseph P. Fanelli
Signature of individual signing on behalf of the debtor            Printed name

Position or relationship to debtor    Chief Restructuring Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☒ No
☐ Yes