So Ordered.

Dated: September 9th, 2025

Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re: | Lead Case No. 24-01421-11 |
|---|---|
| IDEAL PROPERTY INVESTMENTS,<br><br>Debtor.[1] | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER ESTABLISHING EXISTENCE OF PONZI SCHEME** |

---

[1] Debtor Ideal Property Investments, LLC ("Ideal") is a related Debtor to Debtors Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-01863-11; Water Station Management LLC (81012-2716) ("WSM"), Case No. 24-01864-11; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station Management, "Opco Debtors"), Case No. 24-01866-11. Ideal, together with Opco Debtors and Debtors' related affiliates defined in the Supplemental Becky Yang O'Malley Report (Dkt. 843, Ex. A), ¶ 2, Appendix C, are referred to herein as "Debtors" or "WST Enterprise."

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR PONZI
SCHEME - Page 1

1601888029.2

On July 16, 2025, Ideal Property Investments LLC ("Ideal") filed its Second Amended Plan of Liquidation [ECF No. 718] (the "Plan").[2] The Court set and held the Plan confirmation hearing on September 8, 2025 (the "Confirmation Hearing"). In connection with the Confirmation Hearing, the Official Committee of Unsecured Creditors ("Committee") requested that the Court make findings and draw conclusions with respect to whether the Debtor had operated its business as a Ponzi scheme. The Committee having:

    a.    filed, on August 1, 2025, the *Memorandum in Support of Ponzi Scheme Findings Under Chapter 11 Plans of Liquidation* [ECF No. 754] ("Ponzi Brief");

    b.    filed, on August 1, 2025, the *Declaration of John T. Bender in Support of Memorandum in Support of Ponzi Scheme Findings Under Chapter 11 Plans of Liquidation* [ECF No. 755] ("Bender Declaration");

    c.    filed, on August 1, 2025, the *Declaration of Becky Yang O'Malley in Support of Memorandum in Support of Ponzi Scheme Findings Under Chapter 11 Plans of Liquidation* [ECF No. 756] ("O'Malley Declaration");

    d.    filed, on August 1, 2025, the *Declaration of Brian Weiss in Support of Memorandum in Support of Ponzi Scheme Findings Under Chapter 11 Plans of Liquidation* [ECF No. 757] ("Weiss Declaration");

    e.    filed, on August 1, 2025, the *Declaration of Neal Sherman in Support of Memorandum in Support of Ponzi Scheme Findings Under Chapter 11 Plans of Liquidation* [ECF No. 758] ("Sherman Declaration");

f. filed and served, on August 8, 2025, *Supplemental Notice of Hearing to Consider Confirmation of Plan and Request for Entry of Findings that Debtor's Plan of Liquidation and Granting Related Relief* [ECF No. 779] ("Supplemental Notice");

g. Filed, August 26, 2025, *Notice of Errata Regarding Declaration of Brian Weiss in Support of Memorandum in Support of Ponzi Scheme Findings Under Chapter 11 Plans of Liquidation* [ECF No. 812] ("Weiss Errata");

h. Filed, September 4, 2025, *Supplemental Declaration of John T. Bender in Support of Memorandum In Support of Ponzi Scheme Findings Under Chapter 11 Plans of Liquidation* [ECF No. 842] ("Supplemental Bender Declaration");

i. Filed, September 4, 2025, *Supplemental Declaration of Becky Yang O'Malley in Support of Memorandum In Support of Ponzi Scheme Findings Under Chapter 11 Plans of Liquidation* [ECF No. 843] ("Supplemental O'Malley Declaration");

j. Filed, September 4, 2025, *Supplemental Declaration of Brian Weiss in Support of Memorandum In Support of Ponzi Scheme Findings Under Chapter 11 Plans of Liquidation* [ECF No. 844] ("Supplemental Weiss Declaration");

k. Filed, September 5, 2025, the *Amended Memorandum in Support of Ponzi Scheme Findings Under Chapter 11 Plans of Liquidation* [ECF No. 754] ("Amended Ponzi Brief");

l. Filed, September 8, 2025 *Declaration of Sterling Davis in Support of Memorandum In Support of Ponzi Scheme Findings Under Chapter 11 Plans of Liquidation* ("Davis Declaration") [ECF No. 866].

The Bankruptcy Court, having:

a. set September 8 and 9, 2025, at 10:00 a.m. (prevailing Pacific Time) as the date and time for the commencement of the Confirmation Hearing, pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

b. reviewed the Ponzi Brief, the Amended Ponzi Brief, the Bender Declaration, the O'Malley Declaration, the Weiss Declaration, the Sherman Declaration, the Weiss Errata, the Supplemental Bender Declaration, the Supplemental O'Malley Declaration, the Supplemental Weiss Declaration, the Davis Declaration and all pleadings, exhibits, statements, responses, and comments filed in the Chapter 11 Cases regarding confirmation of the Plan ("Confirmation") and making of the Ponzi Findings (as defined below), including any objections, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Cases;

c. held the Confirmation Hearing, including hearing live testimony and virtual testimony in support of the making of the Ponzi Findings;

d. heard and considered the statements and arguments made by counsel with respect to the Ponzi Findings;

e. heard and considered all oral representations, affidavits, testimony, documents, filings, and other evidence regarding the Ponzi Findings; and

f. taken judicial notice of all pleadings and other documents filed, all evidence proffered or adduced, and all arguments presented, in connection with the Ponzi Findings.

**NOW THEREFORE**, the Bankruptcy Court having found that notice of the

Committee's intent to seek the Ponzi Findings and the opportunity for any party in interest to object to the Ponzi Findings having been adequate and appropriate as to all parties affected and the transactions and settlements contemplated thereby; and the record of the Chapter 11 Cases and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing including, but not limited to, the Ponzi Brief, the Amended Ponzi Brief, the Bender Declaration, the O'Malley Declaration, the Weiss Declaration, the Sherman Declaration, the Weiss Errata, the Supplemental Bender Declaration, the Supplemental O'Malley Declaration, the Davis Declaration, and the Supplemental Weiss Declaration establish just cause for the relief granted in this Order; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and order:

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

**A.     Findings of Fact and Conclusions of Law.**

1.     The findings of fact and conclusions of law set forth in this Order and on the record at the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. All findings of fact and conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to the Ponzi Findings are hereby incorporated into this Order to the extent not inconsistent herewith. To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

## B. Jurisdiction, Venue, and Core Proceeding.

2. The Bankruptcy Court has subject matter jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. The entry of the Ponzi Findings in connection with approval of Plan is a core proceeding under 28 U.S.C. §§ 157(b)(2)(L). Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court may enter a final order consistent with Article III of the Constitution.

## C. Objections.

3. To the extent that any objections (including any reservations of rights) to the Ponzi Findings have not been withdrawn, waived, or settled prior to entry of this Order, or are not otherwise resolved under this Order or as stated by the Debtors and/or the Committee on the record of the Confirmation Hearing, all such objections are overruled on the merits. Any resolutions of objections to entry of this Order explained on the record at the Confirmation Hearing are hereby incorporated by reference.

## D. Conduct of a Ponzi Scheme.

4. As set forth in the Ponzi Brief, the Amended Ponzi Brief, the Bender Declaration, the O'Malley Declaration, the Weiss Declaration, the Sherman Declaration, the Weiss Errata, the Supplemental Bender Declaration, the Supplemental O'Malley Declaration, the Davis Declaration, and the Supplemental Weiss Declaration, from at least March 2018 through September 2024, Debtors perpetrated a scheme to defraud thousands of victims by raising more than $400 million in outside capital under false pretenses, failing to deploy investor funds as promised, and misappropriating and converting funds for unauthorized purposes including the enrichment of insiders. To execute the scheme, Debtors falsely held the WST Enterprise (as defined below) out to the public as the manufacturer,

assembler, seller, servicer, and owner of a highly profitable, nationwide vending machine business.

5. Based on the evidence above and the evidence presented at the Confirmation Hearing, the Bankruptcy Court hereby finds (the "Ponzi Findings"), that (i) the "WST Enterprise," consisting of Debtors in these consolidated cases and their related affiliates (*see* Supplemental O'Malley Declaration, Ex. A, ¶ 2, Appendix C), operated as a single economic unit; (ii) the WST Enterprise inextricably commingled their financial affairs; (iii) the WST Enterprise had insufficient operating income to meet their liabilities on a current basis no later than March 1, 2018; (iv) the WST Enterprise routinely used funds raised from machine purchasers, bond issues, and lenders to make payments owed to earlier investors and creditors; and (v) the WST Enterprise operated as Ponzi scheme no later than March 1, 2018 (the "Ponzi Start Date"). *See In re EPD Inv. Co.,* 114 F.4th 1148, 1162–63 (9th Cir. 2024).

## ORDER

**BASED ON THE FOREGOING FINDINGS OF FACTS AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, THAT:**

**A.** **Ponzi Findings.**

6. Entry of this Order constitutes Ponzi Findings that (i) the "WST Enterprise," consisting of Debtors in these consolidated cases and their related affiliates (*see* Supplemental O'Malley Declaration, Ex. A, ¶ 2, Appendix C), operated as a single economic unit; (ii) the WST Enterprise inextricably commingled their financial affairs; (iii) the WST Enterprise had insufficient operating income to meet their liabilities on a current basis no later than March 1,

2018; (iv) the WST Enterprise routinely used funds raised from machine purchasers, bond issues, and lenders to make payments owed to earlier investors and creditors; and (v) the WST Enterprise operated as Ponzi scheme no later than March 1, 2018 (the "Ponzi Start Date").

7. The Ponzi Findings, including the finding of the Ponzi Start Date, are not preclusive or binding on the First Fed Released Parties in any other court or governmental or regulatory authority, or in any other proceedings in this Court. None of the Debtors, the Committee, the Liquidation Trust, nor the Liquidation Trustee will seek to enforce the same against the First Fed Released Parties in this Bankruptcy Court. In the event any party attempts to assert the Ponzi Findings are binding against any of the First Fed Released Parties in any other proceeding, such First Fed Released Parties shall be entitled to seek relief from this Court to enforce the First Fed Released Parties' rights pursuant to this Order and the First Fed Settlement Agreement. The First Fed Released Parties have not had a full or fair opportunity to litigate any Ponzi Findings to a final order or judgment, and that no claims have been specifically asserted against the First Fed Released Parties, or otherwise adjudicated in any manner against such parties in relation to the Plan or through Confirmation of the Plan.

8. These Ponzi Findings are a critical component of the Plan and are designed to provide a resolution of the innumerable disputed intercompany and intercreditor Claims, Liens, and Causes of Action that otherwise could take years to resolve, which would delay and undoubtedly reduce the Distributions that ultimately would be available for all Creditors, as well as a basis for Creditors to, as applicable, seek certain treatment for their losses due to the Ponzi scheme under the United States Tax Code.

9. On September 2, 2025, Creditor First Security Bank of Neveda ("First

Security") filed a *Limited Objection of First Security Bank of Nevada to Confirmation of Second Amended Plan of Liquidation* [ECF No. 832]. First Security's objection has been resolved and withdrawn. Any finding of fact or conclusion of law by the Bankruptcy Court or any appellate court in connection with the confirmation of the Plan related to a Ponzi Finding, shall have no preclusive effect on First Security, shall not be binding on First Security in any future litigation or proceeding by or against First Security in any tribunal, and shall not be relied upon or cited by any party in support of a claim against First Security in any such future litigation or proceeding. Any and all rights and defenses of First Security, the Debtors, the Committee, the Liquidation Trust, and/or the Liquidation Trustee are preserved.

10. Any finding of fact or conclusion of law by the Bankruptcy Court or any appellate court in connection with the confirmation of the Plan related to the existence of a Ponzi scheme, a Ponzi start date, or any fraud or misconduct by or on behalf of the Debtors, shall have no preclusive effect on Cantaloupe, Inc. or any of its affiliates ("Cantaloupe"), shall not be binding on Cantaloupe in any future litigation or proceeding by or against Cantaloupe in any tribunal, and shall not be relied upon or cited by any party in support of a claim against Cantaloupe in any such future litigation or proceeding. Any and all rights and defenses of Cantaloupe, the Debtors, the Committee, the Liquidation Trust, and/or the Liquidation Trustee are preserved.

11. Any finding of fact or conclusion of law by the Bankruptcy Court or any appellate court in connection with the confirmation of the Plan relating to any finding of a Ponzi scheme, a Ponzi start date, or any fraud or misconduct by or on behalf of the Debtors, or any claim or cause of action asserted against Seaga Manufacturing, Inc. ("Seaga"), shall have no preclusive effect on Seaga and shall

not be binding on Seaga in any future litigation or proceeding against Seaga in any tribunal. Neither the Debtors, the Committee, the Liquidation Trust, nor the Liquidation Trustee will pursue any action in the Bankruptcy Court against Seaga, nor seek to enforce any such findings against Seaga or contend that Seaga is bound by any such findings; provided that, in the event Seaga files a motion or complaint in the Bankruptcy Court asserting a monetary claim or seeking affirmative recovery of funds from the Debtors' Estates or the Liquidation Trust (beyond filing a proof of claim) based on any activity, the Debtors, the Committee, the Liquidation Trust, or the Liquidation Trustee (as applicable) will be permitted to respond to such action and seek to enforce the findings.

12. Any finding of fact or conclusion of law by the Bankruptcy Court or any appellate court in connection with the confirmation of the Plan (including any underlying facts, evidence or expert reports submitted in support of such finding of fact or conclusions of law) relating to any finding of (i) a Ponzi scheme (including the Ponzi Finding); (ii) a Ponzi start date; (iii) any fraud or misconduct by or on behalf of the Debtors, shall have no preclusive effect on 352 Capital and shall not be binding on 352 Capital in any current or future litigation or proceeding by or against 352 Capital (including in any claim objection) in any court, tribunal or authority. Without limitation on the foregoing, neither the Debtors, the Committee, the Liquidation Trust, nor the Liquidation Trustee will seek to enforce any such findings or conclusions against 352 Capital or contend that 352 Capital is bound by any such findings or conclusions. Any and all rights and defenses of 352 Capital to defend claims, claim objections, causes of action against it, commence any action, or to rebut any facts or underlying reports/findings or conclusions in connection with the Ponzi scheme are preserved.

13. "352 Capital" means 3/5/2 Capital GP LLC, 3/5/2 Capital ABS Master

Fund, Leucadia Asset Management LLC, any accounts managed by Leucadia Asset Management through its 3/5/2 Capital Division and "352 Capital Claims" means all claims held by 352 Capital and claims of U.S. Bank Trust Company, National Association, as trustee, relating to the bonds issued by Water Station Management, LLC pursuant to an indenture dated April 29, 2022 (as subsequently modified from time to time).

**B.  Final Order.**

14. This Order is a Final Order and the period in which an appeal must be filed shall commence upon entry hereof.

///End of Order///

Presented by:

*/s/ Michael J. Gearin*
Michael J. Gearin, WSBA #20982
John T. Bender, WSBA #49658
Michael W. Meredith, WSBA #45264
Madisyn M. Uekawa, WSBA #56953
Clara M. Virden, WSBA #60308

*Official Committee of Unsecured Creditors*